FILED

IN THE UNITED STATES DISTRICT COURT 2007 DEC 28  AM 10: 23
FOR THE NORTHERN DISTRICT OF INDIANA

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| and ) | |
| ) | |
| THE STATE OF INDIANA, ) | Civil Action No. |
| ) | |
| Plaintiffs, ) | **2:07CV 445** |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF FORT WAYNE, INDIANA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Indiana (the "State"), by the authority of the Indiana Attorney General and through the undersigned attorneys, acting at the request of the Indiana Department of Environmental Management ("IDEM"), allege as follows:

### Nature of the Action

1.    This is a civil action brought by the United States and the State of Indiana against the City of Fort Wayne, Indiana (the "City" or "Fort Wayne"), seeking civil penalties and injunctive relief for the City's violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.* (the "CWA"), Title 13 of the Indiana Code, Title 327 of the Indiana Administrative Code ("IAC"), and the City's National Pollutant Discharge Elimination System ("NPDES") permits.

**Jurisdiction and Venue**

2.    This Court has jurisdiction over the subject matter of this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3.    This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a) because the state claims are so related to the federal claims as to form part of the same case or controversy.

4.    Venue is proper in the Northern District of Indiana pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b), because the City is located in this district and the causes of action alleged in this complaint arose in this district.

**The Parties**

5.    Plaintiff United States of America is acting on behalf of the United States Environmental Protection Agency.  The Attorney General is authorized to appear and represent the United States in this action pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

6.    Plaintiff State of Indiana is acting on behalf of the Indiana Department of Environmental Management.  The Indiana Attorney General is authorized to appear and represent the State in this action pursuant to Indiana Code § 4-6-3-2.

7.    The State is a party to this action pursuant to Section 309(e) of the CWA, 33 U.S.C. § 1319(e), and 28 U.S.C. § 1367(a).  As a signatory to this Complaint, the State has actual notice of the commencement of this action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

8.    Defendant City of Fort Wayne is a political subdivision of the State of Indiana located in Allen County, Indiana.  Fort Wayne is a "municipality" and a "person" within the meaning of

2

Sections 502(4) and (5) of the CWA, 33 U.S.C. §§ 1362(4) and (5).

9.    The City owns and operates a wastewater treatment plant, the Paul L. Brunner Water Pollution Control Plant, located at 2601 Dwenger Avenue, Fort Wayne, Indiana (hereinafter, the "Wastewater Treatment Plant"). The City also owns and operates a sewer system that receives domestic sewage, industrial and commercial wastewater, and stormwater in the Fort Wayne area and feeds into the wastewater treatment plant (hereinafter, the "Sewer System"). Both the Wastewater Treatment Plant and the Sewer System discharge effluent into waters including the Maumee, St. Mary's, and St. Joseph Rivers.

## Statutory Background

10.    Section 301(a) of the CWA, 33 U.S.C. § 1311(a), Indiana Code § 13-30-2-1, and Title 327, Article 5, of the IAC prohibit the discharge of any pollutant into navigable waters by any person except, *inter alia*, as authorized by an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

11.    Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that, in issuing NPDES permits, EPA or an authorized state shall prescribe such conditions as it determines are necessary to carry out the provisions of the CWA, including but not limited to the applicable requirements of Section 301 of the CWA, 33 U.S.C. § 1311.

12.    Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator of EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342. The State may enforce water pollution control laws pursuant to Indiana Code §§ 13-30-3 and 13-14-2-6.

13.    Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who

3

violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation. This statutory maximum applies to violations occurring before January 30, 1997. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, EPA may seek civil penalties of up to $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004 and up to $32,500 per day for each violation occurring after March 15, 2004. *See* 69 Fed. Reg. 7121 (Feb. 13, 2004).

14.   Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the State is authorized to commence a civil action for appropriate relief to address violations of Indiana Code § 13-30-2-1 and Title 327, Article 5, of the IAC. Such relief may include a permanent or temporary injunction, as well as a civil penalty payable to the State of up to $25,000 per day for each violation.

## General Allegations

15.   At all times relevant to this Complaint, the City has discharged and continues to discharge "pollutants" within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6), and 327 IAC 5-1.5-41, from the Wastewater Treatment Plant and Sewer System through various "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14), and 327 IAC 5-1.5-40, into "navigable waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7). The "point sources" include, but are not limited to, Outfalls 001, 002, and 003, as well as various Combined Sewer Overflow and Sanitary Sewer Overflow outfalls. The "navigable waters" include, but are not limited to, the Maumee, St. Mary's, and St. Joseph Rivers.

16.   At all times relevant to this Complaint, the State has been authorized by EPA, pursuant

4

to Section 402 of the CWA, 33 U.S.C. § 1342, to administer an NPDES permit program for regulating discharges of pollutants into navigable waters within its jurisdiction.

17.   On February 27, 1985, the State of Indiana Stream Pollution Control Board, under the authority of Section 402 of the CWA, 33 U.S.C. § 1342, issued NPDES Permit No. IN 0032191 (the "1985 Permit") to the City.  The 1985 Permit became effective on April 3, 1985, and was set to expire on January 31, 1990.  The City submitted a timely application for renewal of the 1985 Permit. Therefore, under applicable state law, the 1985 Permit continued in force until the effective date of a renewal permit.  A copy of the 1985 Permit is attached to this Complaint as Appendix 1.

18.   On October 28, 2004, IDEM, under the authority of Section 402 of the CWA, 33 U.S.C. § 1342, issued a renewal permit to the City:  NPDES Permit No. IN0032191 (the "2004 Permit").  The 2004 Permit became effective on December 1, 2004, and remains effective as of the date of this filing.  A copy of the 2004 Permit is attached to this Complaint as Appendix 2.

19.   On November 23, 2007, IDEM issued a proposed modification of the 2004 Permit (the "Proposed Modified Permit") for public notice and comment.  The period for public comment was scheduled to conclude on or around December 23, 2007.  Generally, the Proposed Modified Permit would impose requirements that are the same as, or more stringent than, the 2004 Permit provisions that are the subject of this Complaint.

20.   Subject to certain conditions and limitations, the 1985 Permit and the 2004 Permit have authorized the City, at the times each permit has been effective, to discharge pollutants through various outfalls into navigable waters including the Maumee, St. Mary's, and St. Joseph Rivers.

### First Claim for Relief
### CSOs – Violation of Water Quality Standards, Impairment of Designated or Existing Uses

21.   Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.    On various dates on or after December 1, 2004 until the present, the City discharged pollutants from Combined Sewer Overflow ("CSO") locations specified in Attachment A to the 2004 Permit, in amounts and quality that violated the terms and conditions of that permit, including the requirement that "[d]ischarges from CSOs shall not cause or contribute to violations of water quality standards or to the impairment of designated or existing uses [of the receiving water]."

23.    Each of the foregoing CSO discharges that caused or contributed to violations of water quality standards, or to the impairment of designated or existing uses of the receiving water, was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each discharge.

24.    The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

25.    Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $32,500 per day for each violation that is the subject of this claim.

26.    Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

## Second Claim for Relief
### Sanitary Sewer System Discharges

27.    Paragraphs 1 through 20 are realleged and incorporated herein by reference.

28.    On various dates on or after December 1, 2004 until the present, the City discharged

6

treated or partially treated wastewater from the Sanitary Sewer Overflow ("SSO") locations identified in Attachment B to the 2004 Permit, in violation of the prohibition on such discharges in Attachment B.

29.     Each of the foregoing discharges from SSO locations constitutes a violation of Section 301 of the CWA, 33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each discharge from each location.

30.     The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

31.     Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $32,500 per day for each violation that is the subject of this claim.

32.     Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### Third Claim for Relief
### Discharges from Unpermitted Point Sources

33.     Paragraphs 1 through 20 are realleged and incorporated herein by reference.

34.     On various dates on or after January 9, 1997 until the present, the City discharged pollutants from point sources not identified in or authorized by any NPDES permit issued by EPA or the State pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

35.     Each of the foregoing discharges from unpermitted point sources constitutes a violation

of Section 301 of the CWA, 33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each discharge from each location.

36.   The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

37.   Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

38.   Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### Fourth Claim for Relief
### Bypass Violations

39.   Paragraphs 1 through 20 are realleged and incorporated herein by reference.

40.   The 1985 Permit provided that the City may bypass the Wastewater Treatment Plant, and discharge from Outfall 003, "only after acceptance of the maximum flow possible that does not adversely affect treatment processes."

41.   The 1985 Permit stated that the discharge limitations for Outfall 003 apply to discharges from Outfall 002 when Terminal Treatment Pond No. 2 ("Pond No. 2"), which discharges via Outfall 002, is used exclusively for treating stormwater.

8

42.   At all times relevant to the Outfall 002 violations of the 1985 Permit that are the subject of this claim, the City used Pond No. 2 exclusively for treating stormwater.  Therefore, at all such times, the bypass restrictions for Outfall 003 applied to the City's discharges from Outfall 002.

43.   The 2004 Permit requires the City to operate the Wastewater Treatment Plant "at maximum treatable flow during all wet weather flow conditions[,] to reduce the magnitude, frequency and duration" of overflows from other points in the Sewer System, including Outfalls 002 and 003.

44.·  On various dates on or after January 9, 1997 until the present, the City discharged from Outfall 002 or Outfall 003 without maximizing flow to the Wastewater Treatment Plant in accordance with the applicable permit's requirement.

45.   Each of the foregoing bypasses was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each bypass at each location.

46.   The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

47.   Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

48.   Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City

is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

**Fifth Claim for Relief**
**Effluent Limitation Violations – Outfall 001**

49.    Paragraphs 1 through 20 are realleged and incorporated herein by reference.

50.    The 1985 Permit provided the following limitations on discharges from Outfall 001:

a.    Dissolved oxygen shall average at least 7.0 milligrams per liter ("mg/l") per calendar day;

b.    Eighty percent of total phosphorous shall be removed from raw sewage containing 4 or more mg/l of phosphorous;

c.    From November 1 through March 31 of each year, ammonia shall not exceed a weekly average concentration of 3.4 mg/l and a monthly average concentration of 2.2 mg/l;

d.    Total suspended solids ("TSS") shall not exceed a weekly average concentration of 15 mg/l, a monthly average concentration of 10 mg/l, and a monthly average load of 5,004 pounds per day;

e.    pH shall not be greater than 9.0 on the pH scale; and

f.    Biochemical oxygen demand ("$BOD_5$") shall not exceed a monthly average load of 2,502 pounds per day and a weekly average load of 3,753 pounds per day.

51.    The 2004 Permit provides the following limitations on discharges from Outfall 001:

a.    Total residual chlorine shall not exceed a daily maximum concentration of 1 mg/l; and

b.    E. coli shall not exceed a daily maximum concentration of 235 colonies per 100 milliliters ("ml") of effluent.

10

52.   On various dates on or after January 9, 1997 until the present, discharges from Outfall 001 were in violation of the applicable permit's effluent limitations.

53.   Each of the foregoing discharges was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each discharge.

54.   The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

55.   Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

56.   Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

**Sixth Claim for Relief**
**Effluent Limitation Violations – Outfall 002**

57.   Paragraphs 1 through 20 are realleged and incorporated herein by reference.

58.   The 1985 Permit provided that Outfall 002 is subject to the same discharge limitations as Outfall 003 when Pond No. 2 is used exclusively for treating stormwater.

59.   At all times relevant to the 1985 Permit violations that are the subject of this claim, Pond No. 2 was used exclusively for treating stormwater.  Therefore, at all such times, Outfall 002

was subject to the same discharge limitations as Outfall 003.

60. The 1985 Permit provided the following limitations on discharges from Outfall 003:

a. pH shall not be greater than 9.0 on the pH scale;

b. TSS shall not exceed a weekly average concentration of 45 mg/l and a monthly average concentration of 30 mg/l;

c. From April 1 through October 31 of each year, fecal coliform shall not exceed a weekly geometric mean concentration of 400 per 100 ml, and a monthly average concentration of 200 per 100 ml;

d. $BOD_5$ shall not exceed a weekly average concentration of 45 mg/l and a monthly average concentration of 30 mg/l;

e. $BOD_5$ loading shall not exceed 40 pounds per day per cubic foot squared ("cfs") of the receiving stream flow; and

f. Effluent flow shall not exceed 1/3 the flow of the receiving stream as measured immediately upstream of the discharge point.

61. The 2004 Permit provides the following limitations on discharges from Outfall 002:

a. pH shall not be greater than 9.0 on the pH scale;

b. E. coli shall not exceed a daily maximum concentration of 235 colonies per 100 ml of effluent, and a monthly average concentration of 125 colonies per 100 ml of effluent; and

c. the ratio of effluent flow to stream flow shall not exceed 0.33.

62. On various dates on or after January 9, 1997 until the present, discharges from Outfall 002 were in violation of the applicable permit's effluent limitations.

63. Each of the foregoing discharges was in violation of Section 301 of the CWA,

33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each discharge.

64.   The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

65.   Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

66.   Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

**Seventh Claim for Relief**
**Effluent Limitation Violations – Outfall 003**

67.   Paragraphs 1 through 20 are realleged and incorporated herein by reference.

68.   The 1985 Permit provided the following limitations on discharges from Outfall 003:

a.   TSS shall not exceed a weekly average concentration of 45 mg/l and a monthly average concentration of 30 mg/l; and

b.   From April 1 through October 31, fecal coliform shall not exceed a weekly geometric mean concentration of 400 per 100 ml, and a monthly average concentration of 200 per 100 ml; and

c.   $BOD_5$ shall not exceed a weekly average concentration of 45 mg/l and a monthly

average concentration of 30 mg/l.

69.     On various dates between January 9, 1997 and November 30, 2004, discharges from Outfall 003 were in violation of the 1985 Permit's effluent limitations.

70.     Each of the foregoing discharges was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, Indiana Code § 13-30-2-1, and 327 IAC 5-2-2 for each day of each discharge.

71.     Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

72.     Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### Eighth Claim for Relief
### Failure to Monitor and/or Report Stream Flow and BOD$_5$ Load – Outfall 002

73.     Paragraphs 1 through 20 are realleged and incorporated herein by reference.

74.     The 1985 Permit provided that the discharge limitations for Outfall 003 apply to discharges from Outfall 002 when Pond No. 2 is used exclusively for treating stormwater.

75.     Pond No. 2 was used exclusively for treating stormwater at all times relevant to the 1985 Permit violations that are the subject of this claim.  Therefore, at all such times, Outfall 002 was subject to the same discharge limitations as Outfall 003.

14

76.    The 1985 Permit required the City, when discharging from Outfall 003, to monitor: (i) the flow of the receiving stream immediately upstream of the discharge point, and (ii) the $BOD_5$ load for the stream.   The 1985 Permit also required the City to record the results for each measurement or sample taken pursuant to the requirements of the permit, and further required the City to submit monthly monitoring reports.

77.    The 2004 Permit requires the City to submit monthly monitoring reports and, for Outfall 002, further requires the City to monitor: (i) the flow of the receiving stream immediately upstream of the discharge point, and (ii) the $BOD_5$ load for the stream.

78.    On various dates on or after January 9, 1997 until the present, the City failed to monitor and/or report: (i) the flow of the receiving stream immediately upstream of Outfall 002, and (ii) the $BOD_5$ load of the stream, in violation of the applicable permit's requirements.

79.    Each failure by the City to monitor and/or report receiving stream flow and $BOD_5$ load was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, and 327 IAC 5-2-8(9) for each day of each violation.

80.    The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

81.    Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after

March 15, 2004.

82.    Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

**Ninth Claim for Relief**
**Failure to Monitor and/or Report Stream Flow and $BOD_5$ Load – Outfall 003**

83.    Paragraphs 1 through 20 are realleged and incorporated herein by reference.

84.    The 1985 Permit required the City, when discharging from Outfall 003, to monitor: (i) the flow of the receiving stream immediately upstream of the discharge point, and (ii) the $BOD_5$ load for the stream.  The 1985 Permit required the City to record the results for each measurement or sample taken pursuant to the requirements of the permit, and the 1985 Permit required the City to submit monthly monitoring reports.

85.    The 2004 Permit requires the City to submit monthly monitoring reports.  In addition, the 2004 Permit provides that Outfall 003 is subject to the same conditions and effluent limitations as Outfall 002 when Pond No. 2 is used as a terminal polishing pond or is taken out of service.  Pond No. 2 was used in such a manner at all times relevant to the 2004 Permit violations that are the subject of this claim.  Therefore, at all such times, Outfall 003 was subject to the same conditions and effluent limitations as Outfall 002, including the requirement in the 2004 Permit that the City monitor:  (i) the flow of the receiving stream immediately upstream of the discharge point, and (ii) the $BOD_5$ load for the stream.

86.    On various dates on or after January 9, 1997 until the present, the City failed to monitor and/or report:  (i) the flow of the receiving stream immediately upstream of Outfall 003, and (ii) the $BOD_5$ load for the stream, in violation of the applicable permit's requirements.

16

87.   Each failure by the City to monitor and/or report receiving stream flow and $BOD_5$ load was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, and 327 IAC 5-2-8(9) for each day of each violation.

88.   The City violated and, unless enjoined by the Court, will continue to violate the aforementioned statutory and regulatory provisions.

89.   Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

90.   Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### Tenth Claim for Relief
### Failure to Sample Outfall 003 Discharge for $BOD_5$ and TSS

91.   Paragraphs 1 through 20 are realleged and incorporated herein by reference.

92.   The 1985 Permit required the City to sample the discharge from Outfall 003 five times weekly for $BOD_5$ and TSS.

93.   On various dates between January 9, 1997 and November 30, 2004, the City failed to sample the discharge from Outfall 003 for $BOD_5$ and TSS, in violation of the 1985 Permit's requirement.

17

94.    Each failure by the City to sample the discharge from Outfall 003 for $BOD_5$ and TSS was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, and 327 IAC 5-2-8(9) for each day of each violation.

95.    Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

96.    Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### Eleventh Claim for Relief
### Failure to Report Duration and/or Estimated Volume of Overflows

97.    Paragraphs 1 through 20 are realleged and incorporated herein by reference.

98.    The 1985 Permit, at Attachment A, required the City to report on the Discharge Monitoring Report ("DMR") Form, each overflow event, its duration, and estimated volume.

99.    The City failed to report, on the DMR Form, the duration of overflow events that occurred on various dates between January 9, 1997 and November 30, 2004.

100.    On various occasions between January 9, 1997 and November 30, 2004, the City failed to report, on the DMR Form, not only the duration, but also the estimated volume, of overflow events.

18

101. Each failure by the City to report the duration and/or volume of overflow events was in violation of Section 301 of the CWA, 33 U.S.C. § 1311, and 327 IAC 5-2-8(9) for each day of each violation for each location.

102. Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the City is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004.

103. Pursuant to Indiana Code §§ 13-14-2-6 and 13-30-4-1 and 327 IAC 5-2-20, the City is liable for injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### Prayer for Relief

WHEREFORE, Plaintiffs, the United States of America and the State of Indiana, respectfully request that the Court grant the following relief in connection with the City of Fort Wayne's Sewer System and Wastewater Treatment Plant:

A.   Permanently enjoin the City from any further violations of the Clean Water Act, Title 13 of the Indiana Code, Title 327 of the Indiana Administrative Code, and the City's current NPDES Permit;

B.   Order the City to expeditiously complete all actions necessary to ensure that it complies with the Clean Water Act, Title 13 of the Indiana Code, Title 327 of the Indiana Administrative Code, and the City's Current NPDES Permit;

19

C.     Order the City to pay a civil penalty to the United States of up to $25,000 per day for each violation of the Clean Water Act occurring before January 30, 1997, $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004;

D.     Order the City to pay the State of Indiana a penalty of up to $25,00 per day for each violation of Indiana Code § 13-30-2-1 and Title 327, Article 5, of the Indiana Administrative Code; and

E.     Grant the Plaintiffs such further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


KEVIN LYSKOWSKI
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-5415
Facsimile: (202) 616-6584
E-mail: kevin.lyskowski@usdoj.gov

20

DAVID A. CAPP
United States Attorney
Northern District of Indiana


*Wayne J. Ault*

WAYNE AULT
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza
Suite 1500
Hammond, IN 46320
Telephone: (219) 937-5500
Facsimile: (219) 852-2770
E-mail: wayne.ault@usdoj.gov

OF COUNSEL:

Nicole Cantello
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5

Elyse DiBiagio-Wood
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Enforcement and Compliance Assurance

21

FOR THE STATE OF INDIANA

STEVE CARTER
Indiana Attorney General


SIERRA L. CUTTS
Deputy Attorney General
Office of the Attorney General
Indiana Government Center South
302 West Washington Street
Fifth Floor
Indianapolis, IN 46204
Telephone: (317) 232-5663
Facsimile: (317) 232-7979
E-mail: sierra.cutts@atg.in.gov

OF COUNSEL:

Elizabeth Admire
Attorney
Indiana Department of Environmental Management