IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| and ) | |
| ) | |
| THE STATE OF INDIANA, ) | Civil Action No. $2:07$ $cv$ $445$ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF FORT WAYNE, INDIANA, ) | |
| ) | |
| Defendant. ) | |

**CONSENT DECREE**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 | |
| II. | APPLICABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 | |
| III. | OBJECTIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 | |
| IV. | DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 | |
| V. | COMPLIANCE WITH THE CLEAN WATER ACT AND NPDES PERMIT LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 | |
| VI. | NINE MINIMUM CONTROLS, OPERATION AND MAINTENANCE, AND MITIGATION REQUIREMENTS . . . . . . . . . . . . . . . . . . . . 10 | |
| VII. | IMPLEMENTATION OF CSO CONTROL MEASURES, POST-POST-CONSTRUCTION MONITORING, AND OTHER COMPLIANCE REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 | |
| | A. | Implementation of CSO Control Measures . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 |
| | B. | Post-Construction Monitoring . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |
| | C. | Achievement of Performance Criteria . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |
| | D. | Compliance Following Implementation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |
| VIII. | ELIMINATION OF SANITARY SEWER DISCHARGES . . . . . . . . . . . . . . . . . . . . . 13 | |
| IX. | FEDERAL SUPPLEMENTAL ENVIRONMENTAL PROJECT . . . . . . . . . . . . . . . 13 | |
| X. | STATE SUPPLEMENTAL ENVIRONMENTAL PROJECTS . . . . . . . . . . . . . . . . . 15 | |
| XI. | CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17 | |
| XII. | REPORTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 | |
| XIII. | COMMUNICATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21 | |
| XIV. | STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22 | |
| XV. | FORCE MAJEURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 | |
| XVI. | INFORMATION COLLECTION AND RETENTION . . . . . . . . . . . . . . . . . . . . . . . 32 | |
| XVII. | EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . 34 | |
| XVIII. | COSTS AND ATTORNEYS' FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35 | |
| XIX. | EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36 | |
| XX. | CONTINUING JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36 | |
| XXI. | MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36 | |
| | A. | Revision of CSO Control Measures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37 |
| | B. | Extension of Deadlines Due to Increased Costs . . . . . . . . . . . . . . . . . . . . . . . 42 |
| | C. | Modifications to Reflect Significant Adverse Changes to Financial Circumstances, NPDES Permit Proceedings, or Inaction on Revising Water Quality Standards . . . . . . . . . . . . . . . . . . . . . . . 43 |
| | D. | Extension of Deadlines to Achieve Performance Criteria . . . . . . . . . . . . . . . . 43 |

|  | E. | Modification of Performance Criteria .................................. 44 |
|  | F. | Revocation of Notices to Proceed .................................... 46 |
|  | G. | EPA and IDEM Approval of Submissions Pursuant to Sections XXI.A-F ................................................. 47 |
| XXII. | | DISPUTE RESOLUTION ................................................ 49 |
| XXIII. | | TERMINATION ....................................................... 51 |
| XXIV. | | PUBLIC COMMENT ................................................... 52 |
| XXV. | | SIGNATORIES/SERVICE ............................................... 52 |
| XXVI. | | INTEGRATION/APPENDICES .......................................... 53 |
| XXVII. | | FINAL JUDGMENT ................................................... 53 |

Appendix 1:  Combined Sewer System Operational Plan

Appendix 2:  Capacity, Management, Operations, and Maintenance Program

Appendix 3:  Performance Criteria (Table 4.2.4.1 of the Long-Term Control Plan)

Appendix 4:  Post-Construction Monitoring Program (Section 4.6 of the Long-Term Control Plan)

Appendix 5:  Sanitary Sewer Discharges to Be Eliminated

Appendix 6:  Federal Supplemental Environmental Project Plan

Appendix 7:  State Supplemental Environmental Project Plans

WHEREAS, concurrent with the lodging of this Consent Decree, Plaintiffs, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), and the State of Indiana (the "State"), on behalf of the Indiana Department of Environmental Management ("IDEM"), have filed a complaint (the "Complaint") in this civil action against Defendant, the City of Fort Wayne, Indiana (the "City" or "Fort Wayne");

WHEREAS, the Complaint alleges that Fort Wayne violated and continues to violate the Clean Water Act, 33 U.S.C. §1251 et seq. (the "Act"), Title 13 of the Indiana Code, Title 327 of the Indiana Administrative Code, and Fort Wayne's National Pollutant Discharge Elimination System ("NPDES") permit, in connection with the City's operation of its municipal sewer system and wastewater treatment plant known as the Paul L. Brunner Water Pollution Control Plant, located at 2601 Dwenger Avenue in Allen County, Indiana (the "WWTP");

WHEREAS, Fort Wayne's sewer system includes both combined and sanitary sewers which are designed to discharge, respectively, through Combined Sewer Overflow ("CSO") and Sanitary Sewer Overflow ("SSO") points into receiving waters including the Maumee River, the St. Mary's River, and the St. Joseph River;

WHEREAS, discharges from combined and sanitary sewers can be a major source of water pollution in communities served by such sewers;

WHEREAS, Fort Wayne does not admit any liability to the United States or the State arising out of the transaction or occurrences alleged in the Complaint, but has nevertheless undertaken good-faith efforts to prevent and minimize CSOs and SSOs;

WHEREAS, Fort Wayne has developed a Combined Sewer System Operational Plan ("CSSOP") and a Long-Term Control Plan ("LTCP") to minimize CSOs;

WHEREAS, Fort Wayne has also developed a Capacity, Management, Operations, and Maintenance Program ("CMOM Program") to prevent and respond to Sanitary Sewer Discharges ("SSDs") and other releases from the sanitary sewer system, should they occur;

WHEREAS, the level of CSO control to be achieved following implementation of the CSO control measures set forth in Appendix 3 to this Consent Decree is designed to address compliance with Fort Wayne's Current Permit and applicable state water quality standards if those standards are revised in accordance with a pending request by Fort Wayne;

WHEREAS, this Consent Decree sets forth a process for revising Fort Wayne's CSO control measures to address compliance with existing state water quality standards, in the event Fort Wayne's request for a revision of those standards is not granted;

WHEREAS, the Parties agree, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, with the consent of the Parties, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. **JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the Parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b).  Venue is proper in this District pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a).

2.     For purposes of this Consent Decree, Fort Wayne consents to this Court's jurisdiction over it and the Decree, and agrees that the Complaint states claims upon which relief may be granted under Section 309 of the Clean Water Act, 33 U.S.C. § 1319, and Title 327 of the Indiana Administrative Code.

## II. **APPLICABILITY**

3.     The provisions of this Consent Decree apply to and are binding upon the United States and the State, and upon Fort Wayne and any successors, assigns, or other entities, or persons

2

otherwise bound by law.

4.    Any transfer of Fort Wayne's interests in or operating role with respect to its WWTP, or the Sewer System feeding the WWTP, shall not in any manner relieve Fort Wayne of its responsibilities for meeting the terms and conditions of this Consent Decree. At least 30 Days prior to such transfer, Fort Wayne shall provide a copy of this Consent Decree to the proposed transferee, and simultaneously shall provide the United States and the State with notice of the prospective transfer, together with a copy of the proposed transfer agreement and confirmation that a copy of this Consent Decree has been given to the proposed transferee.

5.    Fort Wayne shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Decree. Fort Wayne shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.    In any action to enforce this Consent Decree, Fort Wayne shall not raise as a defense the failure by any of its officers, directors, agents, employees, successors, assigns, or contractors to take any action necessary to comply with the provisions of this Consent Decree.

## III. OBJECTIVE

7.    All plans, measures, and reports; all construction, maintenance, and operational requirements; and all other obligations under this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing Fort Wayne to achieve and maintain full compliance with the Clean Water Act, applicable state law, and Fort Wayne's Current Permit.

## IV. DEFINITIONS

8.    Terms used in this Consent Decree that are defined in the Clean Water Act or the

3

regulations promulgated thereunder, or in Fort Wayne' s Current Permit, shall have the meaning ascribed to them therein, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Decree, the following definitions shall apply:

(a)    "Achievement of Full Operation" shall mean completion of construction and installation of equipment or infrastructure such that the equipment or infrastructure has been placed in full operation, and is expected to both function and perform as designed, plus completion of shakedown and related activities, as well as completion of in-situ modified operations and maintenance manuals.  This specifically includes all control systems and instrumentation necessary for normal operations and all residual handling systems.  Certain specified CSO Control Measures set forth in Appendix 3 consist of separate components.  For those specified CSO Control Measures, "Achievement of Full Operation" shall not be achieved until the last component is completed.

(b)    "Act" or "Clean Water Act" shall mean the Clean Water Act, 33 U.S.C. § 1251 *et seq.*

(c)    "Approved Extension of Deadline" shall mean any deadline extension approved in accordance with Sections XXI.B or XXI.D, or established through dispute resolution pursuant to Section XXII.

(d)    "Approved Report on Revising CSO Control Measures" shall mean any Report on Revising CSO Control Measures approved in accordance with Section XXI.A, or established through dispute resolution pursuant to Section XXII.

(e)    "Approved Revised CSO Control Measures Plan" shall mean any Revised CSO Control Measures Plan included in any Approved Report on Revising CSO Controls approved in accordance with Section XXI.A, or established through dispute resolution pursuant to Section XXII.

(f)    "Approved Supplemental Remedial Measures Plan" shall mean any Supplemental Remedial Measures Plan approved in accordance with Section XXI.D, or established

4

through dispute resolution pursuant to Section XXII.

(g)     "Approved Workplan for Revising CSO Control Measures" shall mean any Workplan for Revising CSO Control Measures approved in accordance with Section XXI.A, or established through dispute resolution pursuant to Section XXII.

(h)     "City" or "Fort Wayne" shall mean the City of Fort Wayne, Indiana.

(i)     "CMOM Program" shall mean the "Capacity, Management, Operations, and Maintenance Program" that was prepared by Fort Wayne and approved by IDEM on December 12, 2007. A copy of the CMOM Program is attached to this Consent Decree as Appendix 2.

(j)     "Combined Sewer Overflow" or "CSO" shall mean (i) any discharge from any outfall identified as a "Combined Sewer Overflow" or "CSO" in Attachment A to NPDES Permit No. IN0032191, which was signed by the IDEM Deputy Commissioner on October 28, 2004, or (ii) any discharge from any outfall that is added to Fort Wayne's Current Permit as a listed combined sewer overflow within five years of the date of the discovery of the outfall.

(k)     "Combined Sewer System" shall mean the portion of the Sewer System originally designed and constructed to collect and convey municipal sewage (domestic, commercial, and industrial wastewaters) and stormwater through a single pipe-system to the WWTP or combined sewer overflow structures. The term "Combined Sewer System" also includes facilities constructed in accordance with Appendix 3 or any Approved Revised CSO Control Measures Plan.

(l)     "Complaint" shall mean the complaint filed by the United States and the State in this action.

(m)     "Completion of the Bidding Process" shall mean (i) Fort Wayne has appropriately allocated funds for a specific CSO Control Measure (or portion thereof) or for a project specified in Appendix 5 (or portion thereof); (ii) the bid for construction of the specific CSO Control Measure or project specified in Appendix 5 has been accepted and awarded by Fort

5

Wayne; and (iii) a notice to proceed with construction has been issued and remains in effect for the CSO Control Measure or project specified in Appendix 5.

(n)     "Consent Decree" or "Decree" shall mean this Consent Decree.

(o)     "CSO Control Measures" shall mean the construction, control measures, actions, and other activities set forth in Appendix 3 or any Approved Revised CSO Control Measures Plan.

(p)     "CSSOP" shall mean the City's approved "Combined Sewer System Operational Plan." A copy of the CSSOP is attached to this Consent Decree as Appendix 1.

(q)     "Current Permit" or "Fort Wayne's Current Permit" shall mean (i) Fort Wayne's NPDES Permit No. IN0032191, which was signed by the IDEM Deputy Commissioner on October 28, 2004, and (ii) any such permits that succeed that permit and are in effect at a particular time in question, including any modified permits. A permit or any provision therein shall not be considered to be "Current" to the extent such permit or provision is stayed in accordance with applicable state law.

(r)     "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

(s)     "Design Criteria" shall mean the Design Criteria specified in Appendix 3 or any Approved Revised CSO Control Measures Plan.

(t)     "Effective Date" shall have the definition provided in Section XIX.

(u)     "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

(v)     "EPA's CSO Control Policy" shall mean EPA's "Combined Sewer Overflow (CSO) Control Policy," which was published in the *Federal Register* on April 19, 1994 (59 Fed. Reg.18688).

6

(w) "IDEM" shall mean the Indiana Department of Environmental Management and any successor departments, agencies, or instrumentalities of the State.

(x) "Long-Term Control Plan" or "LTCP" shall mean the "Long-Term Control Plan" prepared by Fort Wayne and approved by IDEM on December 19, 2007.

(y) "Monthly Monitoring Report" shall mean any discharge monitoring report or monthly report of operations that Fort Wayne is required to submit to IDEM on a monthly basis pursuant to Fort Wayne's Current Permit or applicable state law.

(z) "NMC, O&M, and Mitigation Requirements of Fort Wayne's Current Permit" shall mean the provisions in Fort Wayne's Current Permit pertaining to: (i) the "Nine Minimum Controls" set forth in EPA's CSO Control Policy; (ii) operation and maintenance of Fort Wayne's Sewer System and WWTP; and (iii) mitigation of the adverse impacts of discharges in violation of Fort Wayne's Current Permit. As of December 1, 2007, those provisions include, but are not limited to, (i) the provisions in Parts II.A.2 and II.B of NPDES Permit No. IN0032191, which was signed by the IDEM Deputy Commissioner on October 28, 2004, and (ii) Sections III and IV of Attachment A to that permit, which provisions in turn include, but are not limited to, provisions pertaining to implementation of CSO Operational Plans and revisions thereto.

(aa) "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral.

(bb) "Parties" shall mean the United States, the State, and Fort Wayne.

(cc) "Performance Criteria" shall mean the Performance Criteria specified in Appendix 3 or any Approved Revised CSO Control Measures Plan.

(dd) "Plaintiffs" shall mean the United States and the State, except as provided in Paragraph 112.

(ee) "Post-Construction Monitoring Program" shall mean the Post-Construction

7

Monitoring Program set forth in Appendix 4, as well as any additional post-construction monitoring or modeling activities included in any Approved Revised CSO Control Measures Plan or Approved Supplemental Remedial Measures Plan.

(ff)   "Sanitary Sewer Discharge" or "SSD" shall mean any discharge to waters of the State as defined by applicable state law, or to navigable waters of the United States as defined by Section 502(7) of the Clean Water Act, 33 U.S.C. § 1362(7), from Fort Wayne's Sanitary Sewer System.

(gg)   "Sanitary Sewer Overflow" or "SSO" shall mean an overflow, spill, diversion, or release of wastewater from Fort Wayne's Sanitary Sewer System. This term shall include (i) discharges to waters of the State or United States from the City's Sanitary Sewer System, and (ii) any release of wastewater from the City's Sanitary Sewer System to public or private property that does not reach waters of the United States or the State.

(hh)   "Sanitary Sewer System" or "Fort Wayne's Sanitary Sewer System" shall mean all portions of the Sewer System that are not part of the Combined Sewer System.

(ii)   "Section" shall mean a portion of this Consent Decree identified by a Roman numeral, unless the Consent Decree states that the "Section" referred to is a Section of the Clean Water Act or LTCP.

(jj)   "Sewer System" shall mean the wastewater collection and conveyance system owned or operated by Fort Wayne that is designed to collect and convey municipal sewage (domestic, commercial, or industrial) to the WWTP or to a combined sewer overflow structure. "Sewer System" excludes: (i) the privately-owned sewer lateral pipe that connects a wastewater sewer main to a single-family, multi-family, apartment, or other dwelling unit or commercial or industrial structure to which wastewater service is or has been provided; (ii) all wastewater collection and treatment systems connected to the Deer Track wastewater treatment facility (for

8

which the State has issued NPDES Permit No. IN0059749) and not connected to the WWTP; (iii) all wastewater collection and treatment systems connected to the Main Aboite and Midwest wastewater treatment facilities (for which the State has issued NPDES Permit Nos. IN0035378 and IN0042391), which facilities are not connected to the WWTP and which facilities are currently or were formerly owned or operated by Utility Center, Inc. (a/k/a AquaSource or Aqua Indiana, Inc.); (iv) all wastewater collection and treatment systems within the three service areas for which Utility Center, Inc. (a/k/a AquaSource or Aqua Indiana, Inc.) holds a Certificate of Territorial Authority issued by the Indiana Utility Regulatory Commission as of December 1, 2007, and which areas convey municipal sewage to the WWTP (except that clause (iv) does not exclude, from the definition of "Sewer System," the municipal sewage conveyed to and present in the Sewer System); and (v) all wastewater collection and conveyance facilities which are owned by third parties and which convey municipal sewage to the WWTP or a combined sewer overflow structure pursuant to a contract with Fort Wayne (except that clause (v) does not exclude, from the definition of "Sewer System," the municipal sewage conveyed to and present in the Sewer System).

(kk) "State" shall mean the State of Indiana, acting on behalf of IDEM.

(ll) "United States" shall mean the United States of America, acting on behalf of EPA.

(mm) "Unlisted Combined Sewer Overflow" or "Unlisted CSO" shall mean any discharge to waters of the State or waters of the United States from Fort Wayne's Combined Sewer System through any point source that is not a Combined Sewer Overflow.

(nn) "Wastewater Treatment Plant" or "WWTP" shall mean the wastewater treatment plant identified in Fort Wayne's Current Permit as the Paul L. Brunner Water Pollution Control Plant, located at 2601 Dwenger Avenue in Fort Wayne, Indiana. The term "Wastewater Treatment Plant" or "WWTP" excludes the Deer Track wastewater treatment facility (for which the State has

9

issued NPDES Permit No. IN0059749).

## V. COMPLIANCE WITH THE CLEAN WATER ACT AND NPDES PERMIT LIMITATIONS

9.      Fort Wayne shall comply with all terms and conditions of the Clean Water Act and its Current Permit pertaining to Outfall 001, and Fort Wayne shall, in accordance with the compliance program and schedules established by or approved under this Consent Decree, achieve and maintain compliance with all other terms and conditions of the Clean Water Act and its Current Permit pertaining to the WWTP and Sewer System.

## VI. NINE MINIMUM CONTROLS, OPERATION AND MAINTENANCE, AND MITIGATION REQUIREMENTS

10.     Fort Wayne shall comply with its CSSOP, its CMOM Program, and the NMC, O&M, and Mitigation Requirements of its Current Permit.

11.     Provided that any CSSOP updates have first been submitted to EPA and IDEM for review and comment, and are consistent with any EPA and IDEM comments and with accepted industry practices to properly manage, operate, and maintain sewer systems and wastewater treatment plants, Fort Wayne shall update its CSSOP:

(a)    to address matters for which updates are required in its Current Permit, in accordance with the schedule included in its Current Permit;

(b)    to address, within three years after the Effective Date of this Consent Decree, the facilities referenced in clauses (iv) and (v) of this Decree's definition of "Sewer System," and

(c)    to address any facility referenced in clause (i), (ii), or (iii) of this Decree's definition of "Sewer System" within three years after the date that any such facility becomes connected to the Sewer System.

12.     Provided that any CMOM Program updates have first been submitted to EPA and IDEM for review and comment, and are consistent with any EPA and IDEM comments and with

10

accepted industry practices to (i) properly manage, operate, and maintain sewer systems; (ii) identify and inventory areas in sewer systems with capacity constraints; (iii) implement measures to ensure adequate capacity throughout the sewer system; and (iv) respond to SSO events, Fort Wayne shall update its CMOM Program:

(a) to address, within three years after the Effective Date of this Consent Decree, the facilities referenced in clauses (iv) and (v) of this Decree's definition of "Sewer System," and

(b) to address any facility referenced in clause (i), (ii), or (iii) of this Decree's definition of "Sewer System" within three years after the date that any such facility becomes connected to the Sewer System.

13. EPA's January 2005 "Guide For Evaluating Capacity, Management, Operation, and Maintenance (CMOM) Programs at Sanitary Sewer Collection Systems" (EPA 305-B-05-002) ("EPA 's January 2005 CMOM Guide") shall be considered in determining what constitutes "accepted industry practices" for purposes of Paragraph 12. To the extent Fort Wayne drafts its CMOM Program, or any update thereof, in a manner that is materially inconsistent with EPA's January 2005 CMOM Guide, Fort Wayne shall identify the material inconsistency in its submission to EPA and IDEM, and explain the basis for its belief that the CMOM Program is nevertheless consistent with accepted industry practices, notwithstanding the material inconsistency.

## VII. IMPLEMENTATION OF CSO CONTROL MEASURES, POST-CONSTRUCTION MONITORING, AND OTHER COMPLIANCE REQUIREMENTS

### A. Implementation of CSO Control Measures

14. Fort Wayne shall perform the activities and construct the CSO Control Measures in accordance with the descriptions, Design Criteria, and dates for Completion of the Bidding Process and Achievement of Full Operation for each CSO Control Measure set forth in Appendix 3, any Approved Revised CSO Control Measures Plan, any Approved Supplemental Remedial Measures

11

Plan, or any Approved Extension of Deadlines.

**B.  Post-Construction Monitoring**

15.  Fort Wayne shall perform the Post-Construction Monitoring Program set forth in Appendix 4, any Approved Revised CSO Control Measures Plan, or any Approved Supplemental Remedial Measures Plan in accordance with the provisions and schedule set forth therein.

**C.  Achievement of Performance Criteria**

16.  Fort Wayne shall ensure that all facilities are designed in accordance with good engineering practices to ensure that corresponding facility-specific, watershed-wide, and system-wide Performance Criteria will be achieved. Fort Wayne shall achieve the Performance Criteria for each CSO Control Measure by the date for Achievement of Full Operation for the CSO Control Measure, as set forth in Appendix 3, any Approved Revised CSO Control Measures Plan, or any Approved Extension of Deadline. The procedure set forth in Appendix 4 shall be used to determine whether Fort Wayne has achieved the Performance Criteria.

**D.  Compliance Following Implementation**

17.  By the date specified for Achievement of Full Operation of all CSO Control Measures as set forth in Appendix 3, any Approved Revised CSO Control Measures Plan, or any Approved Extension of Deadline, (i) Fort Wayne shall have no Unlisted CSOs (either because Fort Wayne has eliminated discharges from Unlisted CSOs and/or because Fort Wayne has turned Unlisted CSOs into "CSOs" by having them included as Combined Sewer Overflows in Fort Wayne's Current Permit); (ii) Fort Wayne's remaining CSOs, if any, shall comply with Fort Wayne's Current Permit; and (iii) Fort Wayne shall have eliminated bypasses at the WWTP or any remaining bypasses shall comply with Fort Wayne's Current Permit.

18.  Fort Wayne may utilize the information contained in the LTCP, as well as any subsequently developed information, in attempting to establish compliance with its Current Permit.

12

However, the preceding sentence shall not be construed to waive or preclude any objections by the United States or the State to the admissibility of information under the Federal Rules of Evidence in any judicial action in which Fort Wayne's compliance with its Current Permit is at issue.

## VIII. ELIMINATION OF SANITARY SEWER DISCHARGES

19. Fort Wayne shall eliminate the Sanitary Sewer Discharges ("SSDs") identified in Appendix 5 in accordance with the dates for Achievement of Full Operation for each project set forth in Appendix 5.

20. SSDs from locations other than those specified in Appendix 5 are prohibited, and, for each SSD location specified in Appendix 5, Fort Wayne shall not have any SSDs from that location following the date for Achievement of Full Operation specified in Appendix 5 for that location.

## IX. FEDERAL SUPPLEMENTAL ENVIRONMENTAL PROJECT

21. Fort Wayne shall complete a Federal Supplemental Environmental Project ("Federal SEP") in accordance with the Federal Supplemental Environmental Project Plan ("Federal SEP Plan") attached to this Consent Decree as Appendix 6, which the United States and Fort Wayne agree is intended to secure significant environmental protection and improvements that are not otherwise required by law. Fort Wayne shall complete the Federal SEP pursuant to the plans and time schedules set forth in the Federal SEP Plan. The Federal SEP shall consist of the elimination of 133 failed or failing septic systems (which can leach human waste into backyards, groundwater, and surface water) and the replacement of those systems with connections to the Sewer System.

22. With regard to the Federal SEP, Fort Wayne certifies:

(a) that all cost information provided to EPA in connection with its approval of the Federal SEP is complete and accurate, and that Fort Wayne in good faith estimates that the cost to implement the Federal SEP is $400,000;

(b) that, as of the date of executing the Consent Decree, the City is not required to

13

perform or develop the Federal SEP by any federal, state, or local law or regulation and is not required to perform or develop the Federal SEP by agreement or grant or as injunctive relief in any other case;

(c) that the Federal SEP is not a project that the City was planning or intending to construct, perform, or implement other than in settlement of the claims resolved in this Decree;

(d) that the City has not received and will not receive credit for the Federal SEP in any other enforcement action; and

(e) that no part of the Federal SEP expenditures will include federal or state funds, including federal or state low-interest loans, contracts, or grants.

23. Every year, on the anniversary of the Effective Date of this Consent Decree, and until the completion of the Federal SEP in accordance with this Consent Decree and Appendix 6, Fort Wayne shall submit milestone reports to EPA, detailing Fort Wayne's progress on implementing the Federal SEP.

24. No later than 120 Days from the date for completion of the Federal SEP as set forth in the Federal SEP Plan, Fort Wayne shall submit to EPA a Federal SEP Completion Report, which shall contain:

(a) a detailed description of the Federal SEP as implemented;

(b) a description of any operating problems encountered in completing the Federal SEP and the solutions thereto;

(c) an itemized list of all Federal SEP costs expended;

(d) certification that the Federal SEP has been fully implemented in accordance with the Federal SEP Plan and the provisions of this Consent Decree; and

(e) a description of the environmental and public health benefits resulting from implementation of the Federal SEP (with a quantification of the benefits and pollutant reductions,

14

if feasible).

25. EPA may, in its sole discretion, require information in addition to that described in the preceding sentence, in order to evaluate the Federal SEP Completion Report.

26. After receiving the Federal SEP Completion Report, the United States shall notify Fort Wayne whether or not Fort Wayne has satisfactorily completed the Federal SEP.

27. Any (a) written or video publication concerning the Federal SEP's construction, environmental benefits, or completion, distributed by or for the City to news media outlets or the general public, and intended to inform the general public, and (b) any formal oral presentations conducted by or for Fort Wayne concerning the Federal SEP's construction, environmental benefits, or completion, delivered to the general public, neighborhood groups, or news media, including any formal interviews of Fort Wayne's officers, employees, or agents, shall include language identical or substantially similar to the following: "This project was undertaken in connection with the settlement of an enforcement action by the United States and the State of Indiana concerning Combined Sewer Overflows." The requirements of this Paragraph shall apply only to the above-specified public statements made from the Effective Date of this Consent Decree until the United States notifies Fort Wayne that it has satisfactorily completed the Federal SEP pursuant to Paragraph 26.

## X. STATE SUPPLEMENTAL ENVIRONMENTAL PROJECTS

28. In lieu of payment of $242,271 of the $269,190 civil penalty to the State in accordance with Paragraph 31, Fort Wayne may instead (i) pay the sum of $26,919 to the State as a civil penalty within 30 Days after the Effective Date of this Consent Decree, and (ii) perform State Supplemental Environmental Projects ("State SEPs") in accordance the State Supplemental Environmental Project Plans ("State SEP Plans") attached to this Consent Decree as Appendix 7. The State SEPs shall consist of (i) septic system elimination in areas not subject to the Federal SEP (the "State Septic

15

SEP"), and (ii) a program to establish rain gardens (*i.e.*, planted areas that are designed to absorb stormwater runoff and thereby prevent it from flowing into storm drains and surface waters) (the "State Rain Garden SEP"). An offset ratio of 2:1 will apply to the State SEPs (*i.e.*, Fort Wayne must expend two dollars in order to offset one dollar of the civil penalty). Therefore, Fort Wayne must expend a minimum of $484,542 in order to offset 90% ($242,271) of the $269,190 civil penalty. Fort Wayne estimates in good faith that the cost to implement the State SEPs is $546,000.

29.    Fort Wayne shall complete the State Septic SEP by December 31, 2011, and the State Rain Garden SEP by December 31, 2014. Every year, on the anniversary of the Effective Date of this Consent Decree, and until completion of the State SEPs in accordance with this Consent Decree and Appendix 7, Fort Wayne shall submit milestone reports to IDEM, detailing Fort Wayne's progress on implementing the State SEPs. In performing the State SEPs, Fort Wayne shall comply with all applicable federal, state, and local laws and regulations, and shall obtain and comply with any necessary licenses or permits. Within 30 Days of completion of either State SEP, Fort Wayne shall submit to IDEM an itemized list, along with supporting documentation, of costs incurred in performing that State SEP. In the event that the total cost of the State SEPs is less than $484,542, Fort Wayne shall pay the balance of the civil penalty that is not offset by the State SEPs, to be calculated utilizing the 2:1 offset ratio described above, plus interest at the rate established by Indiana Code 24-4.6-1-101. Interest on the balance of the civil penalty shall be paid from the Effective Date of this Consent Decree. Payment shall be made within 15 Days of receipt of notice from IDEM that payment is due.

30.    In the event that Fort Wayne fails to complete the State SEPs in accordance with this Consent Decree and Appendix 7, Fort Wayne shall pay the entire balance of the civil penalty, totaling $269,190, plus interest at the rate established by Indiana Code 24-4.6-1-101. Interest on the balance of the civil penalty shall be paid from the entry date of this Consent Decree. Payment shall

16

be made within 15 Days of receipt of notice from IDEM that payment is due.

## XI. CIVIL PENALTY

31. Within 30 Days after the Effective Date of this Consent Decree, Fort Wayne shall pay the sum of $269,190 to the United States and $269,190 to the State, as a civil penalty, together with interest from the date on which the Consent Decree is lodged with the Court, accruing at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

32. Any civil penalty to be paid pursuant to Paragraphs 28-31 shall be paid as follows:

(a) Payment to the United States shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with instructions to be provided to Fort Wayne, following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of Indiana. At the time of payment, Fort Wayne shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, to the United States in accordance with Section XIII, by e-mail to acctsreceivable.CINWD@epa.gov, and by mail to EPA Cincinnati Finance Office, 26 Martin Luther King Drive, Cincinnati, Ohio 45268. The transmittal letter (i) shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States and State of Indiana v. City of Fort Wayne*, and (ii) shall reference the civil action number and DOJ case number 90-5-1-1-07653.

(b) Payment to the State shall be made by check, payable to the "Indiana Department of Environmental Management Special Fund" and delivered to: Cashier, Indiana Department of Environmental Management, P.O. Box 7060, Indianapolis, Indiana 46207. At the time of payment, Fort Wayne shall send, to the State and IDEM in accordance with Section XIII, a copy of the check, together with a transmittal letter, which (i) shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States and State of Indiana v. City of Fort Wayne*, and (ii) shall reference the civil action number.

17

## XII. REPORTING

33. Beginning with the end of the next full calendar quarter after the Effective Date of this Consent Decree and for every six months thereafter until this Consent Decree terminates in accordance with Section XXIII, Fort Wayne shall submit written status reports to EPA and IDEM. The written status reports may be provided either as paper documents or in electronic format, provided that the electronic format (i) is compatible with EPA and IDEM software; (ii) is accompanied by a written certification on paper in accordance with Paragraph 38; and (iii) is sent via certified or overnight mail in accordance with Section XIII.

34. In each written status report, Fort Wayne shall provide the following:

(a) a statement setting forth (i) the deadlines and other terms that Fort Wayne has been required by this Consent Decree to meet since the date of the last statement; (ii) whether and to what extent Fort Wayne has met those requirements; and (iii) the reasons for any noncompliance (Notification to EPA and IDEM of any anticipated delay shall not, by itself, excuse the delay);

(b) (i) a general description of the work completed within the prior six-month period; (ii) to the extent known, a statement as to whether the work completed in that period meets applicable Design Criteria; and (iii) a projection of work to be performed pursuant to this Consent Decree during the next six-month period;

(c) a statement as to Fort Wayne's understanding regarding the status of IDEM's response to the City's request for a revision to water quality standards in accordance with Section 5 of the City's Long-Term Control Plan;

(d) a description of any notices to proceed for any CSO Control Measure or measures specified in Appendix 3 that Fort Wayne has revoked in the prior six-month period, and a description of the status of Fort Wayne's compliance with Section XXI.F with regard to issuance of a new notice to proceed; and

18

(e) information generated in accordance with the Post-Construction Monitoring Program.

35.  Fort Wayne shall also submit, with each written status report, copies (to EPA only) of all Monthly Monitoring Reports and other reports pertaining to CSOs, SSDs, and bypasses that Fort Wayne submitted to IDEM in the previous six months.

36.  If Fort Wayne fails to meet any date for Completion of the Bidding Process or Achievement of Full Operation, as specified in Appendix 3, any Approved Revised CSO Control Measures Plan, or any Approved Extension of Deadline, Fort Wayne shall notify EPA and IDEM in writing of its failure within 14 Days of the date in question. The notice shall reference the project at issue and shall describe in detail: (i) the length of time that Fort Wayne anticipates it will take to achieve Completion of the Bidding Process or Achievement of Full Operation; (ii) the precise cause or causes of the failure to meet the date in question; (iii) the measures taken or to be taken by Fort Wayne to prevent or minimize the delay; (iv) the timetable by which those measures will be implemented; and (v) the extent (if any) to which the failure to meet the date may impact Fort Wayne's ability to meet other dates for Completion of the Bidding Process or Achievement of Full Operation. If Fort Wayne has revoked a notice to proceed for a project and has not complied with Section XXI.F, Fort Wayne's failure to comply with Section XXI.F shall be deemed a failure to meet a date for Completion of the Bidding Process for purposes of this Paragraph, thereby triggering the reporting obligations specified in this Paragraph.

37.  If, during the design of the facilities listed in Appendix 3, Fort Wayne decides to design a specific facility so that its size, flow rate, capacity, treatment rate, pumping rate, volume, or other applicable measure will be less than 90% of the "approximate" design number specified for that facility in the Design Criteria portion of Appendix 3, Fort Wayne shall notify EPA and IDEM in writing within 14 Days of the date it has made that decision. The notice shall reference the facility

19

at issue and the design number that Fort Wayne has decided should be used in lieu of the "approximate" design number specified in the Design Criteria for that facility. The notice shall also describe the basis for Fort Wayne's selection of the lower design number, including an explanation as to why use of the lower design number will ensure that the corresponding facility-specific, watershed-wide, and system-wide Performance Criteria specified in Appendix 3 will be achieved, in accordance with Paragraph 16. Plaintiffs reserve their rights to argue that Fort Wayne has not complied with the requirements of Paragraph 16, notwithstanding any notice that Fort Wayne provides in accordance with this Paragraph.

38.   Any report, plan, or other submission that Fort Wayne is required by this Consent Decree to submit, including reports, plans, or other submissions that Fort Wayne is also required to submit by its Current Permit, shall be signed by an official or authorized agent of Fort Wayne and shall include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to ensure that qualified personnel properly gathered and evaluated the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

39.   In any proceeding initiated by any of the Parties to enforce this Consent Decree, Fort Wayne may not object to the admissibility into evidence of any report, plan, or other submission prepared in accordance with this Consent Decree or the information contained in any such report, plan, or other submission. Notwithstanding the above, Fort Wayne may, in accordance with applicable law, seek to submit, in any proceeding to enforce this Consent Decree, any contradictory or other evidence as to any matter affected by the evidence referred to in the preceding sentence.

20

## XIII. COMMUNICATIONS

40. Unless otherwise specified herein, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing and addressed

as follows:

As to the United States and/or DOJ:

By U.S. Mail:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Re: DJ # 90-5-1-1-07653

By Courier:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
ENRD Mailroom, Room 2121
601 D Street, NW
Washington, DC 20004
Re: DJ # 90-5-1-1-07653

As to EPA:

Chief
Water Enforcement and Compliance Assurance Branch
Water Division
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604

As to the State and/or the Indiana Attorney General:

Office of the Attorney General
Sierra L. Cutts
Deputy Attorney General
Office of the Attorney General
100 North Senate Avenue
MC60-01IGCN1307
Indianapolis, IN 46204

21

As to IDEM:

Chief, Compliance Branch
Office of Water Quality
Indiana Department of Environmental Management
100 North Senate Avenue
P.O. Box 6015
Indianapolis, IN 46206

Chief, Enforcement Section
Office of Legal Counsel
Indiana Department of Environmental Management
100 North Senate Avenue
P.O. Box 6015
Indianapolis, IN 46206

As to Fort Wayne:

Director of City Utilities
Fort Wayne City Utilities, Room 280
City County Building
1 East Main Street
Fort Wayne, IN 46802

City Attorney
City of Fort Wayne Law Department
City County Building, 9th Floor
1East Main Street
Fort Wayne, IN 46802

41. Any Party may, by written notice to the other Parties, change its designated recipient

or address set forth above.

42. All notifications, submissions, and communications shall be deemed submitted on the

date they are mailed, via certified or overnight mail, unless otherwise provided by mutual agreement

of the Parties in writing.

## XIV. **STIPULATED PENALTIES**

43. Fort Wayne shall be liable to the United States and the State for stipulated penalties for

violations of this Consent Decree as specified below, unless excused under Section XV, and subject

to Fort Wayne's right to invoke dispute resolution under Section XXII. A violation includes failing

22

to perform any obligation required by this Decree or any work plan or other plan attached to or approved under this Consent Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Consent Decree.

44.    For each failure to submit a timely and adequate post-construction monitoring report (required pursuant to Paragraph 15 and Appendix 4), Workplan for Revising CSO Control Measures (required pursuant to Section XXI.A), or Report on Revising CSO Controls (required pursuant to Section XXI.A), Fort Wayne shall pay the following stipulated penalties per violation per Day:

| Period of Noncompliance With Requirement | Penalty Per Day |
| --- | --- |
| 1st Day to 30th Day | $500 |
| 31st Day to 60th Day | $1,000 |
| Each Day beyond 60 Days | $2,000 |

Stipulated penalties under this Paragraph for failure to submit a timely submission shall begin to accrue on the Day following the date that the submission was due.  Subject to Paragraph 106, stipulated penalties under this Paragraph for failure to submit an adequate submission shall begin to accrue on the date that Fort Wayne receives written notice from EPA or IDEM that the submission is not adequate, in whole or in part, and shall continue to accrue until Fort Wayne submits a document to EPA and IDEM which EPA and IDEM ultimately approve.

45.    For each failure to submit a timely and adequate report or other document required by this Consent Decree, but not included in Paragraph 44, Fort Wayne shall pay the following stipulated penalties per violation per Day:

| Period of Noncompliance With Requirement | Penalty Per Day |
| --- | --- |
| 1st Day to 30th Day | $500 |
| 31st Day to 60th Day | $1,000 |
| Each Day beyond 60 Days | $1,500 |

Stipulated penalties under this Paragraph for failure to submit a timely submission shall begin to

23

accrue on the Day following the date that the submission was due. Subject to Paragraph 106, stipulated penalties under this Paragraph for failure to submit an adequate submission shall begin to accrue on the date that Fort Wayne receives written notice from EPA or IDEM that the submission is not adequate, in whole or in part, and shall continue to accrue until Fort Wayne submits a document to EPA and IDEM which EPA and IDEM ultimately approve.

46.   For each failure to adequately implement the measures, and/or meet the dates for Completion of the Bidding Process or Achievement of Full Operation, in accordance with Appendix 3 (as required by Section VII), any Approved Workplan for Revising CSO Control Measures (as required by Section XXI.A), any Approved Revised CSO Control Measures Plan (as required by Sections VII and XXI.A), any Approved Extension of Deadline (as required by Sections VII, XXI.B, and XXI.D), any Approved Supplemental Remedial Measures Plan (as required by Sections VII and XXI.D), or Appendix 5 (as required by Section VIII), Fort Wayne shall pay the following stipulated penalties per violation per Day:

| Period of Noncompliance With Requirement | Penalty Per Day |
|---|---|
| 1st Day to 30th Day | $1,000 |
| 31st Day to 60th Day | $2,000 |
| Each Day beyond 60 Days | $5,000 |

Fort Wayne shall be deemed to have not met a date for Completion of the Bidding Process, and therefore shall be liable for stipulated penalties under this Paragraph, if Fort Wayne revokes a notice to proceed for a specific project, and does not comply with Section XXI.F or issue a new notice to proceed in accordance with Section XXI.F, in which case stipulated penalties shall begin to accrue starting on the date that the prior notice to proceed was revoked, and shall continue to accrue until the date a new notice to proceed has been issued.

47.   For each Day that Fort Wayne fails to comply with its Current Permit or the Clean

24

Water Act in accordance with Section V, Fort Wayne shall pay the following stipulated penalties per violation per Day:

| Period of Noncompliance With Requirement | Penalty Per Day |
|---|---|
| 1st Day to 30th Day | $1,500 |
| 31st Day to 60th Day | $2,000 |
| Each Day beyond 60 Days | $5,000 |

48.    For each Day that Fort Wayne fails to comply with its CSSOP, its CMOM Program, or the NMC, O&M, and Mitigation Requirements of its Current Permit (as required by Section VI), Fort Wayne shall pay the following stipulated penalties per violation per Day:

| Period of Noncompliance With Requirement | Penalty Per Day |
|---|---|
| 1st Day to 30th Day | $1,500 |
| 31st Day to 60th Day | $2,000 |
| Each Day beyond 60 Days | $5,000 |

49.    For each Day that a CSO, Unlisted CSO, or bypass  was caused by Fort Wayne's failure to comply with its CSSOP, its CMOM Program, or the NMC, O&M, and Mitigation Requirements of Fort Wayne's Current Permit, Fort Wayne shall, in addition to any stipulated penalties under Paragraph 48, pay stipulated penalties of $1,000 per Day for each CSO, Unlisted CSO, or bypass.

50.    For each Day that an SSD (i) occurs from any of the SSD locations specified in Appendix 5 before the date for Achievement of Full Operation for the SSD location and (ii) was caused by Fort Wayne's failure to comply with its CSSOP, its CMOM Program, or the NMC, O&M, and Mitigation Requirements of its Current Permit, Fort Wayne shall, in addition to any stipulated penalties under Paragraph 48, pay stipulated penalties in the amounts set forth below per Day and per location for each SSD:

| Volume of SSD | Penalty Per SSD |
|---|---|
| 500 gallons or less | $500 |
| More than 500 gallons | $1,000 |

Fort Wayne shall not, however, be liable for a stipulated penalty under this Paragraph for an SSD which occurs due to a ten-year or greater storm event and would have occurred notwithstanding any failure to comply with its CSSOP, its CMOM Program, or the NMC, O&M, and Mitigation Requirements of its Current Permit.

51. For each Day that an SSD occurs from any of the SSD locations specified in Appendix 5 on or after the date for Achievement of Full Operation for the SSD location specified in Appendix 5, or from any other location on or after the Effective Date of this Consent Decree, and for each Day that an Unlisted CSO occurs from any location on or after the Effective Date of this Consent Decree, Fort Wayne pay stipulated penalties in the amounts set forth below per Day and per location for each SSD and Unlisted CSO:

| Volume of SSD or Unlisted CSO | Penalty Per SSD |
|---|---|
| 500 gallons or less | $500 |
| 501 to 10,000 gallons | $1,000 |
| More than 10,000 gallons | $3,000 |

Fort Wayne shall not, however, be liable for a stipulated penalty under this Paragraph for an SSD which occurs due to a ten-year or greater storm event.

52. Fort Wayne shall pay the following stipulated penalties for (i) failure to meet milestones pertaining to the Federal or State SEP Plans, any revisions to such SEP Plans, or submittals subsequently approved by EPA and IDEM pursuant to the provisions of this Consent Decree, or (ii) failure to timely submit the Federal SEP Completion Report (required by Paragraph 24):

26

| Period of Noncompliance With Requirement | Penalty Per Day |
|---|---|
| 1st Day to 30th Day | $1,000 |
| 31st Day to 60th Day | $1,500 |
| Each Day beyond 60 Days | $2,250 |

53.    If Fort Wayne fails to pay the civil penalty required to be paid under Section XI when due, Fort Wayne shall pay a stipulated penalty of $200 per Day for each Day that the payment is late.

54.    For each failure to comply with any requirement of this Consent Decree not specified in Paragraphs 44-53, Fort Wayne shall pay the following stipulated penalties:

| Period of Noncompliance With Requirement | Penalty Per Day |
|---|---|
| 1st Day to 30th Day | $500 |
| 31st Day to 60th Day | $1,000 |
| Each Day beyond 60 Days | $2,000 |

55.    Except as provided in Paragraphs 44-46, stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Multiple penalties may accrue on any one Day for different violations of different requirements of this Consent Decree even if such violations are caused by the same set of circumstances. Penalties shall accrue as provided in this Paragraph regardless of whether EPA or IDEM has notified Fort Wayne of a violation.

56.    Subject to Fort Wayne's right to invoke dispute resolution pursuant to Section XXII, Fort Wayne shall pay stipulated penalties to the United States and the State within 30 Days of the date of any written demand for the same by EPA or IDEM, as follows:

(a)    Fifty percent (50%) of the penalty shall be paid to the United States by submitting to EPA Region 5, P.O. Box 70753, Chicago, Illinois 60637, a cashier's or certified check payable

27

to "Treasurer of the United States." A transmittal letter shall accompany the check, and the letter (i) shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree in *United States and State of Indiana v. City of Fort Wayne*; (ii) shall specify the violation(s) for which the penalties are being paid; and (iii) shall reference the civil action number and DOJ case number 90-5-1-1-07653. A copy of the check and transmittal letter shall simultaneously be sent to EPA Region 5, Water Enforcement and Compliance Assurance Branch, Compliance Section, WC-15J, 77 West Jackson Boulevard, Chicago, Illinois 60604, and to Chief, Environmental Enforcement Section, Environment and Natural Resources Division, U.S. Department of Justice, P.O. Box 7611, Washington, DC 20044.

(b) Fifty percent (50%) of the penalty shall be paid to the State by check, payable to the "Indiana Department of Environmental Management Special Fund" and delivered to: Cashier, Indiana Department of Environmental Management, P.O. Box 7060, Indianapolis, Indiana 46207. At the time of payment, Fort Wayne shall send to IDEM, at the addresses set forth in Paragraph 40, a copy of the check, together with a transmittal letter which (i) shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree in *United States and State of Indiana v. City of Fort Wayne*; (ii) shall specify the violation(s) for which the penalties are being paid; and (iii) shall reference the civil action number.

57.   If Fort Wayne invokes dispute resolution as provided in Section XXII, penalties shall continue to accrue as provided in Paragraph 55 during such dispute resolution, but need not be paid until the following:

(a) If the dispute is resolved by agreement or by a decision of EPA or IDEM that is not appealed to this Court, Fort Wayne shall pay accrued penalties determined to be owing, together with interest, to the United States or the State within 30 Days of the effective date of the agreement or the receipt of EPA or IDEM's decision or order;

28

(b) If the dispute is appealed to this Court and the United States or the State prevails in whole or in part, Fort Wayne shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in Paragraph 57(c);

(c) If the District Court's decision is appealed by any Party, Fort Wayne shall pay all accrued penalties determined by the District Court to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

58. Upon the Effective Date of this Consent Decree, the stipulated penalty provisions of this Decree shall be retroactively enforceable with regard to any and all violations of this Decree that occurred between the date of lodging and the Effective Date of the Decree, provided that stipulated penalties that may have accrued before the Effective Date may not be collected unless and until this Decree is entered by the Court.

59. If Fort Wayne fails to pay stipulated penalties according to the terms of this Consent Decree, Fort Wayne shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States or the State from seeking any remedy otherwise provided by law for Fort Wayne's failure to pay any stipulated penalties.

60. Subject to Section XVII, the stipulated penalties provided for herein shall be in addition to other remedies or sanctions available to the United States or the State by reason of Fort Wayne's failure to comply with the requirements of this Consent Decree, applicable state law, or the Clean Water Act. The payment of such stipulated penalties shall not be construed so as to relieve Fort Wayne from the obligation to comply with this Consent Decree or federal or state law, or to limit the authority of the United States or the State to require compliance with such laws. Irrespective of the payment of any stipulated penalties, the United States and State are specifically authorized to

29

seek injunctive relief in this civil action to address any violation of this Consent Decree. Where an act or omission that constitutes a violation of this Consent Decree also constitutes a violation of a statute or regulation, the United States or the State may elect, in their sole discretion, to seek civil penalties under the statute or regulation. However, in an action for civil penalties based upon a violation of a statute, the Parties stipulate that evidence that Fort Wayne has paid a stipulated penalty to the United States, EPA, and/or the State for the same violation for the same Day in issue is admissible and may be considered as a factor in mitigation of a penalty.

## XV. **FORCE MAJEURE**

61. "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Fort Wayne, of any entity controlled by Fort Wayne, or of Fort Wayne's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Fort Wayne's best efforts to fulfill the obligation. The requirement that Fort Wayne exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (i) as it is occurring and (ii) after it has occurred to prevent or minimize any resulting delay to the greatest extent practicable. "Force Majeure" does not include Fort Wayne's financial inability to perform any obligation under this Consent Decree, nor does "Force Majeure" include the delay or denial of any federal, state, or other funding that Fort Wayne may seek to perform its obligations under this Consent Decree.

62. If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Fort Wayne shall provide notice orally or by electronic or facsimile transmission to EPA and IDEM within 72 hours of when Fort Wayne first knew that the event might cause a delay. Within seven Days thereafter, Fort Wayne shall provide in writing to EPA and IDEM an explanation and description of (i) the reasons for the delay; (ii) the anticipated duration of the delay; (iii) all actions taken or to be taken

30

to prevent or minimize the delay; (iv) a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; (v) Fort Wayne's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and (vi) a statement as to whether, in the opinion of Fort Wayne, such event may cause or contribute to an endangerment to public health, welfare, or the environment. Fort Wayne shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Fort Wayne from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Fort Wayne shall be deemed to know of any circumstance of which Fort Wayne, any entity controlled by Fort Wayne, or Fort Wayne's contractors knew or should have known.

63. If EPA and IDEM agree that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA and IDEM for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, by itself, extend the time for performance of any other obligation. EPA and IDEM will notify Fort Wayne in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

64. If EPA and IDEM do not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA and IDEM will notify Fort Wayne in writing of their decision.

65. If Fort Wayne elects to invoke the dispute resolution procedures set forth in Section XXII, it shall do so no later than 15 Days after receipt of the notice referenced in Paragraph 64. In any such proceeding, Fort Wayne shall have the burden of demonstrating that (i) the delay or anticipated delay has been or will be caused by a force majeure event, (ii) the duration of the

31

delay or the extension sought was or will be warranted under the circumstances, (iii) best efforts were exercised to avoid and mitigate the effects of the delay, and (iv) Fort Wayne complied with the requirements of Paragraphs 61 and 62. If Fort Wayne carries this burden, the delay at issue shall be deemed not to be a violation by Fort Wayne of the Consent Decree obligation identified to EPA, IDEM, and the Court.

## XVI. INFORMATION COLLECTION AND RETENTION

66. EPA, IDEM, and their representatives, including contractors, consultants, and attorneys, shall have the right of entry into any facility covered by this Consent Decree, at all reasonable times, upon proper presentation of credentials, for the purposes of:

(a) monitoring the progress of activities required under this Consent Decree;

(b) verifying any data or information submitted pursuant to this Consent Decree;

(c) obtaining samples and, upon request, splits of any samples taken by Fort Wayne or its representatives, contractors, or consultants; and

(d) otherwise assessing Fort Wayne's compliance with this Consent Decree, Fort Wayne's Current Permit, the Clean Water Act, or applicable state law.

67. Upon request, Fort Wayne shall provide EPA and IDEM or their authorized representatives splits of any samples taken by Fort Wayne. Upon request, EPA and IDEM shall provide Fort Wayne splits of any samples taken by EPA and IDEM.

68. Until five years after the termination of this Consent Decree, Fort Wayne shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Fort Wayne's performance of its obligations under Sections VII and VIII. Other information shall be retained by Fort Wayne in

32

accordance with the requirements of its Current Permit. The information-retention requirements of this Paragraph shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States or the State, Fort Wayne shall provide the United States and the State with copies of any documents, records, or other information required to be maintained under this Paragraph, except to the extent Fort Wayne asserts a claim of privilege in accordance with Paragraph 69, and such a claim is awaiting resolution, by negotiation or adjudication, or has been resolved in Fort Wayne's favor, after negotiation or adjudication.

69. At the conclusion of the applicable information-retention period under the preceding Paragraph, Fort Wayne shall notify the United States and the State at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph, and, upon request by the United States or the State, Fort Wayne shall deliver any such documents, records, or other information to EPA or IDEM. Fort Wayne may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Fort Wayne asserts such a privilege, it shall provide the following: (i) the title of the document, record, or information; (ii) the date of the document, record, or information; (iii) the name and title of each author of the document, record, or information; (iv) the name and title of each addressee and recipient; (v) a description of the subject of the document, record, or information; and (vi) the privilege asserted by Fort Wayne. However, no non-draft documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

70. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States or the State pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Fort Wayne

33

to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XVII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

71. This Consent Decree resolves the civil claims of the United States and the State for the violations alleged in the Complaint through the date of lodging of this Decree.

72. The United States and the State reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree. The United States and the State further reserve all rights against Fort Wayne with respect to any violations by Fort Wayne that occur after the date of lodging of this Consent Decree, and for any violations not specifically alleged in the Complaint, whether such violations occurred before or after the date of lodging of this Decree.

73. This Consent Decree is not a permit, or a modification of any permit, under any federal or state law or regulation, nor does this Decree, its Appendices, or any review or approval of submissions pursuant to this Consent Decree relieve Fort Wayne of its obligations to (i) obtain permits for its wastewater treatment facilities, sewer system, and modifications thereto, and (ii) comply with the requirements of the Current Permit and the Clean Water Act and all other applicable federal and state laws, regulations, and permits. Fort Wayne is responsible for achieving and maintaining complete compliance with all applicable federal and state laws, regulations, and permits; and the City's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States and the State do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Fort Wayne's compliance with any aspect of this Consent Decree will result in compliance with any provisions of federal or state laws, regulations, or permits.

74. Except as expressly set forth herein, this Consent Decree shall not be construed to prevent or limit the United States' or the State's rights to obtain penalties or further or additional

34

injunctive relief under (i) the Clean Water Act; (ii) other federal statutes or regulations, including, but not limited to, criminal punishment under Section 309(c) of the Clean Water Act, 33 U.S.C. § 1319(c); or (iii) applicable state laws and regulations.

75. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief or penalties relating to the WWTP, the Sewer System, or any facility excluded from this Consent Decree's definition of "Sewer System," Fort Wayne shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of Paragraph 71.

76. This Consent Decree shall not be construed to limit any authority of the United States or the State, under any applicable statute or regulation, to seek information from Fort Wayne, to require monitoring, to conduct inspections, or to seek access to the property of Fort Wayne. Nor shall this Consent Decree be construed to limit the authority of the United States or the State to undertake any action against any person, including Fort Wayne, in response to conditions that may present an imminent and substantial endangerment to the environment or to the public health or welfare.

77. This Consent Decree does not limit or affect the rights of the United States, the State, or Fort Wayne against any third parties that are not Parties to this Decree, nor does the Decree limit the rights of such third parties against Fort Wayne, except as otherwise provided by law, or create rights in, or grant any causes of action to, such third parties.

## XVIII. COSTS AND ATTORNEYS' FEES

78. Each Party shall bear its own costs and attorneys' fees in this action and with respect

35

to matters related to this Consent Decree, except that the United States and the State shall be entitled to collect the costs and attorneys' fees incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Fort Wayne.

## XIX. EFFECTIVE DATE

79.   The Effective Date of this Consent Decree shall be the date upon which this Decree is entered by the Court or a motion to enter the Decree is granted, whichever occurs first, as recorded on the Court's docket; provided, however, that Fort Wayne hereby agrees that it shall be bound to perform duties scheduled to occur before the Effective Date.   In the event the United States withdraws or withholds consent to this Consent Decree before entry, or the Court declines to enter the Decree, then the preceding requirement to perform duties scheduled to occur before the Effective Date shall terminate.

## XX. CONTINUING JURISDICTION

80.   The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of enforcing the terms and conditions and achieving the objectives of this Decree, and for the purpose of resolving any disputes hereunder or entering any orders modifying this Decree in accordance with Sections XXI and XXII.

## XXI. MODIFICATION

81.   Except as provided in Paragraph 41 and this Section, there shall be no modification of the terms of this Consent Decree, the Appendices attached to this Consent Decree, or the submittals approved under this Consent Decree without written approval by all of the Parties.   Where a modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court, except as provided in Paragraph 109. A "material change" shall be deemed to include, but shall not necessarily be limited to, the following:  (i) any modification of Performance Criteria pursuant to Section XXI.A, Section XXI.E, or otherwise; and (ii) any modification that would

36

extend the date for Achievement of Full Operation for any CSO Control Measure related to the St. Joseph River beyond 2019 or the date for Achievement of Full Operation for any CSO Control Measure related to the St. Mary's and Maumee Rivers beyond 2025. All modifications, whether material or non-material, shall be deemed an enforceable part of this Consent Decree.

82.    Before seeking any modification of this Consent Decree, the Appendices attached to this Consent Decree, or the submittals approved under this Consent Decree, Fort Wayne shall consult with EPA and IDEM concerning the proposed modification and the scope of public participation to be obtained by Fort Wayne before submission of a request for modification.

83.    If the Parties do not agree that modification of this Consent Decree is warranted, Fort Wayne may file a motion seeking modification pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; provided, however, that the United States and the State reserve their rights to oppose any such motion and to argue that modification is unwarranted. Such a motion for modification by Fort Wayne shall not relieve it of any of its obligations under this Consent Decree, unless the Court orders otherwise, and Fort Wayne shall continue with timely implementation of all measures required by the Decree until the Decree is modified in accordance with Paragraph 81 and any other applicable provisions of this Consent Decree.

## A.    **Revision of CSO Control Measures**

84.    Fort Wayne shall submit to EPA and IDEM for approval a workplan ("Workplan for Revising CSO Control Measures" or "Workplan") for developing a Revised CSO Control Measures Plan consistent with Paragraph 86 if any of the following occurs:

(a)    the State fails, within three years of the date of lodging of this Consent Decree, to submit to EPA, in accordance with 33 U.S.C. § 1313(c)(2)(A), any new or revised water quality standards resulting from Fort Wayne's request for revision to water quality standards (as set forth in Section 5 of the LTCP), and EPA, in its discretion not subject to judicial review, provides Fort

37

Wayne with written notice directing Fort Wayne to submit a Workplan;

(b) the State submits to EPA a proposed new or revised water quality standard in accordance with 33 U.S.C. § 1313(c)(2)(A) resulting from Fort Wayne's request as set forth in Section 5 of the LTCP; and

(i) in response to the State's submission, EPA takes final action to approve, disapprove, or promulgate in accordance with 33 U.S.C. § 1313(c)(3) and (4), and EPA's final action is inconsistent with the request that Fort Wayne had submitted to the State; and

(ii) as a result of EPA's final action, the level of control to be achieved upon completion of the CSO Control Measures will likely not be sufficient to ensure compliance with the requirements specified in Paragraph 17; or

(c) Fort Wayne chooses to submit a Workplan.

85. Fort Wayne shall submit the Workplan required pursuant to Paragraph 84:

(a) within 90 Days of Fort Wayne's receipt of EPA's notification under Paragraph 84(a); or

(b) with regard to a Workplan required under Paragraph 84(b):

(i) within 90 Days following EPA's actions under 33 U.S.C. § 1313(c)(3) and (4), if a judicial appeal challenging EPA's action has not been brought within 90 Days of EPA's action; or

(ii) within 90 Days after a final decision no longer subject to judicial appeal has been rendered, if a judicial appeal has been brought challenging EPA's actions.

86. The purpose of the Workplan for Revising CSO Control Measures shall be for Fort Wayne to develop a Revised CSO Control Measures Plan that contains measures necessary to ensure that the requirements in Paragraph 17 will be met. The Workplan shall contain the following:

(a) a description of how Fort Wayne will utilize the information and models that Fort

38

Wayne utilized in developing the LTCP to develop a Revised CSO Control Measures Plan, and a description of the additional actions that Fort Wayne will take to update that information and those models to develop the Revised CSO Control Measures Plan;

(b) a description of the actions that Fort Wayne will take to provide for public participation in the development of a Revised CSO Control Measures Plan;

(c) a description of all other actions that Fort Wayne must take to develop a Revised CSO Control Measures Plan in a manner consistent with any applicable provisions of EPA's CSO Control Policy;

(d) a schedule for completing development of the Revised CSO Control Measures Plan as expeditiously as possible, but in no event later than one year after EPA and IDEM approval of the Workplan for Revising CSO Control Measures; and

(e) identification of any CSO Control Measures set forth in Appendix 3 or in any previously Approved Revised CSO Control Measures Plan, in addition to the Phase I CSO Control Measures, that are likely to be consistent with the Revised CSO Control Measures Plan.

87. Upon receipt of EPA and IDEM's approval of the Workplan for Revising CSO Control Measures, or upon resolution of any disputes pertaining to the Workplan pursuant to Section XXII, Fort Wayne shall implement the Workplan in accordance with the schedule and terms set forth in the approved Workplan.

88. Within 90 Days after implementation of the Workplan for Revising CSO Control Measures has been completed, Fort Wayne shall submit to EPA and IDEM for approval a report ("Report on Revising CSO Controls") that contains the following:

(a) a Revised CSO Control Measures Plan consisting of those measures that are necessary to insure that the requirements in Paragraph 17 will be met (The overall level of control expected to be achieved by the Revised CSO Control Measures Plan for each watershed shall be no

39

less stringent in terms of reducing CSO discharge occurrences and CSO discharge volumes than the overall level of control to be achieved for the watershed at issue by the CSO Control Measures set forth in Appendix 3);

(b) a schedule that is as expeditious as possible for design, construction, and implementation of the measures described in Paragraph 88(a)  (If it is not possible for Fort Wayne to design and construct all control measures simultaneously, Fort Wayne shall develop a phased schedule based on (i) appropriate sequencing of activities to allow for efficient integration of the Revised CSO Control Measures Plan into the LTCP; (ii) engineering needs of each Revised CSO Control Measure (*e.g.*, magnitude of the project, special equipment, and/or procurement needs); and (iii) the relative importance of each measure, with highest priority being given to those projects that provide the greatest public health or environmental benefits and then second priority being given to eliminating discharges to sensitive areas to the extent such areas are addressed in the Revised CSO Control Measures Plan.  The schedule shall specify milestones for each specific measure, including, at a minimum, milestone dates for (i) Completion of the Bidding Process and (ii) Achievement of Full Operation);

(c) a plan and schedule for performing any post-construction monitoring and modeling, in addition to the post-construction monitoring and modeling specified in Appendix 4 or any previously Approved Revised CSO Control Measures Plan, that is necessary to assess whether the requirements specified in Paragraphs 14 and 15 have been or will be met upon completion of the Revised CSO Control Measures Plan, and a plan and schedule for submitting supplemental milestone reports resulting from such additional monitoring and modeling; and

(d) information demonstrating that the provisions of the Approved Workplan for Revising CSO Control Measures have been complied with, including the provisions pertaining to public participation.

40

89. Except as provided in Paragraph 90, Fort Wayne shall perform the activities and construct the CSO Control Measures as required by Paragraphs 14 and 15 until Fort Wayne's receipt of EPA and IDEM's approval of any Report on Revising CSO Control Measures, or upon resolution of any disputes pursuant to Section XXII. Upon such approval, or upon resolution of such disputes, Fort Wayne shall implement the Approved Revised CSO Control Measures Plan as required by Paragraph 91.

90. If Fort Wayne is required to submit a Workplan under Paragraphs 84(a) or (b), then, upon receipt of EPA and IDEM's approval of the Workplan for Revising CSO Control Measures, or upon resolution of any disputes pursuant to Section XXII, and until Fort Wayne's receipt of EPA and IDEM's approval of a corresponding Report on Revised CSO Control Measures, or upon resolution of any disputes pursuant to Section XXII (at which time Fort Wayne shall be required to implement the Approved Revised CSO Control Measures Plan as required by Paragraph 91):

(a) Fort Wayne shall only be required to implement:

(i) the CSO Control Measures identified in Appendix 3 or any previously Approved Revised CSO Control Measures Plan as being "Phase I Projects," and

(ii) all additional projects identified by the Workplan as likely to be consistent with the Revised CSO Control Measures Plan; and

(b) Fort Wayne shall implement the measures specified in Paragraph 90(a) in accordance with the descriptions, Design Criteria, and dates for Completion of the Bidding Process and Achievement of Full Operation for each such project set forth in Appendix 3 or any previously Approved Revised CSO Control Measures Plan.

91. Upon Fort Wayne's receipt of EPA and IDEM's approval of any Report on Revising CSO Control Measures, or upon resolution of any disputes pursuant to Section XXII, the Revised CSO Control Measures Plan contained in the Approved Report on Revising CSO Control Measures

41

(including any additional post-construction monitoring and modeling) shall: (i) supersede Appendix 3, any previous Approved Revised CSO Control Measures Plan, and any previous Approved Extension of Deadlines; and (ii) shall be implemented by Fort Wayne in accordance with the schedule in the Approved Report on Revising CSO Control Measures.

## B.    Extension of Deadlines Due to Increased Costs

92.    Fort Wayne currently estimates that the capital costs of the measures necessary to comply with Sections VII and VIII will be $239,397,825 (in 2005 dollars). In 2013, and then every six years thereafter, Fort Wayne shall report to EPA and IDEM on the actual capital costs compared to the estimated capital costs for the measures completed since the last report, and Fort Wayne shall reevaluate the estimated capital costs of the remaining measures. If one of these reports shows that the capital costs to Fort Wayne of implementing the measures required to comply with Sections VII and VIII will exceed $313,000,000 (in 2005 dollars), Fort Wayne may seek an extension of the date for Completion of the Bidding Process and/or Achievement of Full Operation for one or more CSO Control Measure set forth in Appendix 3 or any Approved Revised CSO Control Measures Plan.

93.    In the event Fort Wayne seeks an extension, pursuant to the preceding Paragraph, of any of the dates for Completion of the Bidding Process and/or Achievement of Full Operation, Fort Wayne shall provide EPA and IDEM with a written submission that: (i) demonstrates that capital costs will exceed $313,000,000 (in 2005 dollars); (ii) explains why Fort Wayne believes that, because of the increased costs, it is not practicable to complete the CSO Control Measures within the schedules set forth in Appendix 3 or any Approved Revised CSO Control Measures Plan; (iii) demonstrates that the new dates are as expeditious as possible; (iv) includes all information that Fort Wayne believes supports the requested modification; and (v) includes all additional information that EPA or IDEM reasonably requests to assist in evaluating Fort Wayne's extension request.

94.    Upon receipt of EPA and IDEM's approval of a request pursuant to Paragraph 92, or

42

upon resolution of any disputes pursuant to Section XXII, Fort Wayne shall implement the CSO Control Measures, and meet the date for Completion of the Bidding Process and/or Achievement of Full Operation, in accordance with the Approved Extension of Deadline. An extension of one deadline, pursuant to an Approved Extension of Deadline, does not, by itself, extend any other applicable deadlines.

95. Fort Wayne may obtain only one Approved Extension of Deadline pursuant to Paragraphs 92-94. If Fort Wayne receives such an Approved Extension of Deadline, it may not seek any further Approved Extensions of Deadline pursuant to Paragraphs 92-94, and Fort Wayne shall no longer be required to submit reports to EPA and IDEM in accordance with Paragraph 92.

## C.  Modifications to Reflect Significant Adverse Changes to Financial Circumstances, NPDES Permit Proceedings, or Inaction on Revising Water Quality Standards

96. If: (i) Fort Wayne experiences significant adverse changes to its financial circumstances; (ii) proceedings concerning issuance, reissuance, or modification of an NPDES permit warrant; (iii) the State does not, within three years of the date of lodging of this Consent Decree, submit to EPA any new or revised water quality standards resulting from Fort Wayne's request as set forth in Section 5 of the LTCP; or (iv) the State submits to EPA proposed revisions to its water quality standards pertaining to Fort Wayne's CSOs but EPA fails to take action in accordance with the time frames set forth in 33 U.S.C. § 1313(c)(3) and (4), Fort Wayne may request that the United States and the State agree to modification of this Consent Decree.

## D.  Extension of Deadlines to Achieve Performance Criteria

97. If, following Achievement of Full Operation of any CSO Control Measure(s), Fort Wayne needs additional time to implement additional remedial measures to achieve the Performance Criteria for the CSO Control Measure(s), Fort Wayne may submit to EPA and IDEM, for approval, (i) a request for an extension of the deadline for achievement of the Performance Criteria for the

43

CSO Control Measure(s) to allow for implementation of additional remedial measures, and (ii) a plan for performing supplemental remedial measures and additional post-construction monitoring and modeling ("Supplemental Remedial Measures Plan"). The Supplemental Remedial Measures Plan shall include (i) a description of the remedial measures that Fort Wayne will take to ensure that the Performance Criteria will be achieved; (ii) a schedule that is as expeditious as possible for design, construction, and implementation of the measures; (iii) a description of additional post-construction monitoring and modeling needed to assess whether Fort Wayne has achieved the Performance Criteria; and (iv) a schedule for performing such monitoring and modeling.

98.    Upon receipt of EPA and IDEM's approval of a request pursuant to Paragraph 97, Fort Wayne shall implement the Approved Supplemental Remedial Measures Plan (including additional monitoring and modeling) in accordance with the schedule and terms set forth therein. An extension of one deadline, pursuant to an Approved Supplemental Remedial Measures Plan, does not, by itself, extend any other applicable deadlines.

### E.    **Modification of Performance Criteria**

99.    (a) Should Fort Wayne determine, following Achievement of Full Operation of all CSO Control Measures required under Paragraph 14, and upon completion of the Post-Construction Monitoring Program required under Paragraph 15 and detailed in Appendix 4, that the City has not achieved the Performance Criteria in the manner set forth in Appendix 4, and cannot achieve the Performance Criteria in the absence of additional remedial measures the City maintains would be cost prohibitive, infeasible, or otherwise inappropriate, Fort Wayne may propose to the Director of the Water Division, EPA Region 5 ("Director"), and to the Assistant Commissioner, Office of Water Quality, IDEM ("Assistant Commissioner"), a modification of the Performance Criteria. The Performance Criteria review process set forth in this Paragraph shall be the exclusive means by which Fort Wayne may seek modification of Performance Criteria. The dispute resolution

44

provisions set forth in Section XXII shall not apply to requests by Fort Wayne for modification of Performance Criteria.

(b) Any proposal by Fort Wayne to modify the Performance Criteria under Paragraph 99(a) shall be in writing and shall include:

(i) a certification by the City's engineer that the City has properly designed and constructed the CSO Control Measures to achieve the Performance Criteria consistent with accepted industry standards;

(ii) a post-construction monitoring report prepared consistent with Appendix 4, which demonstrates that the City has not achieved the Performance Criteria;

(iii) a detailed description of the additional remedial measures that would be required to achieve the Performance Criteria, including the projected cost of such measures;

(iv) a detailed discussion of the reasons the City believes that additional remedial work would be cost prohibitive, infeasible, or otherwise inappropriate; and

(v) the text of the proposed modification of the Performance Criteria.

(c) The Director and the Assistant Commissioner or their designees shall meet in person to review Fort Wayne's proposal. EPA and IDEM may retain one or more independent consultants to assist them in their evaluation of Fort Wayne's proposal. The Director or the Assistant Commissioner, at their discretion, may request one or more representatives of Fort Wayne to attend the meeting to provide additional information.

(d) (i) Following the meeting described in Paragraph 99(c), the Director and the Assistant Commissioner shall issue a written initial determination recommending approval, disapproval, or approval subject to conditions or revisions of Fort Wayne's proposal, and shall immediately transmit such determination to the Regional Administrator, the Commissioner, and the City.

45

(ii) Fort Wayne may appeal the initial determination within 30 Days to the Regional Administrator and the Commissioner by submitting to those individuals any documents that the City deems relevant and appropriate. During the pendency of any such appeal, the Parties shall seek to reach agreement on any issues upon which they disagree.

(iii) The Regional Administrator and the Commissioner may approve or disapprove, or approve upon conditions or in a revised form, the proposed modification of the Performance Criteria. The determination of the Regional Administrator and the Commissioner shall be in their discretion and shall not be subject to judicial review, except that, if they approve a modification of Performance Criteria, the modification shall not be effective until a modification of the Consent Decree is approved by the Court in accordance with Paragraphs 81 and 100.

100. Any proposed modification of the Consent Decree resulting from a modification of Performance Criteria pursuant to Paragraph 99 shall be subject to public notice and comment pursuant to 28 C.F.R. § 50.7. The United States and the State reserve the right to withdraw or withhold their consent to any such proposed modification of the Consent Decree if public comments received disclose facts or considerations which indicate that the modified Consent Decree would be inappropriate, improper, or inadequate.

**F.   Revocation of Notices to Proceed**

101. A notice to proceed with construction of any CSO Control Measure or any project specified in Appendix 5 may be revoked by Fort Wayne for cause. However, within 14 Days of the date that Fort Wayne revokes any notice to proceed, Fort Wayne shall submit to EPA and IDEM for approval a plan ("Notice To Proceed Plan"). The Notice to Proceed Plan shall: (i) explain why the notice to proceed was revoked; (ii) describe the steps that Fort Wayne will take to issue a new notice to proceed; and (iii) contain a schedule for issuing the new notice to proceed that includes a final date for issuance of the notice to proceed that is as expeditious as possible.

102. Upon approval of the Notice to Proceed Plan in accordance with Paragraph 101, or upon resolution of any disputes pursuant to Section XXII, Fort Wayne shall implement the approved Notice To Proceed Plan in accordance with the schedule set forth therein, including the final date for issuance of a new notice to proceed.

## G. EPA and IDEM Approval of Submissions Pursuant to Sections XXI.A-F

103. For all plans, reports, and other documents that Fort Wayne is required to submit to EPA and IDEM for approval in accordance with Sections XXI.A-F, EPA and IDEM shall, in writing: (i) approve the submission, in whole or in part; (ii) approve the submission, in whole or in part, upon specified conditions; (iii) disapprove the submission, in whole or in part, providing comments identifying deficiencies and directing that Fort Wayne modify its submission and/or provide additional information; or (iv) any combination of the above.

104. If the submission is approved pursuant to Paragraph 103, Fort Wayne shall take all actions required by the plan, report, or other document, in accordance with the schedules and requirements therein. If the submission is conditionally approved or approved only in part, pursuant to Paragraph 103, Fort Wayne shall, upon written direction from EPA and IDEM, take all actions required by the approved plan, report, or other document that EPA and IDEM determine are technically severable from any disapproved portions, subject to Fort Wayne's right to dispute only the specified conditions or disapproved portions, under Section XXII. Implementation of any approved portion of a submission shall not relieve Fort Wayne of any liability for stipulated penalties.

105. If the submission is disapproved in whole or in part pursuant to Paragraph 103, Fort Wayne shall, within 45 Days or such other time as the Parties agree to in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for

47

approval, in accordance with the preceding Paragraphs. If the resubmission is approved in whole or in part, Fort Wayne shall proceed in accordance with the preceding Paragraph.

106. Any stipulated penalties applicable to the original submission, as provided in Section XIV, shall accrue during the 45-Day (or otherwise specified) period, but shall not be payable unless the resubmission is untimely or is disapproved in whole or in part; provided that, if the original submission was so deficient as to constitute a material breach of Fort Wayne's obligations under this Consent Decree, the stipulated penalties applicable to the original submission shall be due and payable notwithstanding any subsequent resubmission.

107. If a resubmitted plan, report, or other document, or portion thereof, is disapproved in whole or in part, EPA and IDEM may again require Fort Wayne to correct any deficiencies, in accordance with the preceding Paragraphs, subject to Fort Wayne's right to invoke dispute resolution and the right of EPA and IDEM to seek stipulated penalties as provided in the preceding Paragraphs.

108. EPA and IDEM agree to use their best efforts to expeditiously review and comment on submittals that Fort Wayne is required to submit for approval pursuant to Sections XXI.A-F. If EPA and IDEM fail to act on a submittal within 60 Days, any subsequent milestone date dependent upon such action by EPA and IDEM shall be extended by the number of Days beyond the 60-Day period that EPA and IDEM use to act on the submittal, provided that Fort Wayne notifies EPA and IDEM in writing, at the time of its submittal, of any specific milestone dates that Fort Wayne believes would be extended under this Paragraph if EPA and IDEM fail to act within 60 Days. This Paragraph does not apply to EPA and IDEM review of, or actions taken with regard to, revisions to water quality standards, permits, or any matters other than submittals that Fort Wayne is specifically required to submit for approval pursuant to Sections XXI.A-F.

109. To the extent a submission approved pursuant to Sections XXI.A-F constitutes a

48

material change to this Consent Decree within the meaning of Paragraph 81, the same shall be incorporated into the Decree by amendment subject to Court approval; provided that Fort Wayne shall be obligated immediately to comply with the submission upon approval by EPA and IDEM, notwithstanding any requirement for subsequent amendment of the Decree, unless the Court orders otherwise.

## XXII. DISPUTE RESOLUTION

110. Except as provided in Section XXI.E, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Fort Wayne's failure to seek resolution of a dispute under this Section shall preclude Fort Wayne from raising any such issue as a defense to an action by the United States or the State to enforce any obligation of Fort Wayne under this Decree. IDEM and/or EPA actions with regard to issuance, modification, or review of NPDES permits or water quality standards pursuant to 33 U.S.C. § 1313(c), 33 U.S.C. § 1342, or state law are not subject to dispute resolution under this Consent Decree.

111. Any dispute subject to dispute resolution under this Consent Decree shall in the first instance be the subject of informal negotiations. If Fort Wayne believes it has a dispute with any other Party, it shall provide notice to the other Parties in writing, including notice to the U.S. Department of Justice and Indiana Attorney General, setting forth the matter(s) in dispute. The period of informal negotiations shall not exceed 30 Days from the date the notice was sent, unless the Parties agree otherwise in writing.

112. If the informal negotiations are unsuccessful, the position of the Plaintiffs shall control unless, within 20 Days after the conclusion of the informal negotiation period, Fort Wayne invokes the formal dispute resolution procedures of this Section by serving on the United States and the State a written statement of position on the matter in dispute, including any supporting factual data,

49

analysis, opinion, or documentation. For purposes of this Section, "Plaintiffs" shall mean both the United States and the State, unless the dispute is only with one Plaintiff, in which case "Plaintiffs" shall mean only the Plaintiff with whom there is a dispute.

113. Within 30 Days of receiving Fort Wayne's statement of position under Paragraph 112, the Plaintiffs shall serve on Fort Wayne their written statement of position, including any supporting factual data, analysis, opinion, or documentation.

114. An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to Paragraphs 112-113.

115. The Plaintiffs' statement of position shall be binding upon Fort Wayne unless Fort Wayne files a motion with the Court seeking judicial resolution of the dispute. Fort Wayne's motion must be filed no more than 20 Days after receipt of the Plaintiffs' statement of position pursuant to Paragraph 113. The motion shall contain a written statement of Fort Wayne's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

116. The Plaintiffs shall respond to Fort Wayne's motion within the time period allowed by the Local Rules of this Court. Fort Wayne may file a reply memorandum, to the extent permitted by the Local Rules.

117. (a) Except as provided in Paragraphs 65 and 83, in any dispute brought under Paragraph 112 or 115 pertaining to (i) the adequacy or appropriateness of plans, procedures to implement plans, schedules, or any other items requiring approval by EPA and IDEM under this Consent Decree; (ii) the adequacy of the performance of work undertaken pursuant to this Consent Decree; and (iii) all other disputes that are accorded review on the administrative record under

50

applicable principles of administrative law, Fort Wayne shall have the burden of demonstrating, based on the administrative record, that the position of the Plaintiffs is arbitrary and capricious or otherwise not in accordance with law.

(b)   Except as provided in Paragraphs 65 and 83, in any other dispute brought under Paragraph 112 or 115, Fort Wayne shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objective of the Consent Decree, as described in Section III.

118.   The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Fort Wayne under this Consent Decree, unless the Parties so agree in writing or the Court so approves upon motion.

## XXIII.   TERMINATION

119.   Upon motion filed with the Court by the United States, the State, or Fort Wayne, the Court may terminate the terms of this Consent Decree after each of the following has occurred:

(a)   Fort Wayne has achieved compliance with all provisions contained in this Consent Decree, and subsequently has maintained satisfactory compliance with each and every provision for twelve consecutive months;

(b)   Fort Wayne has paid all penalties and other monetary obligations due hereunder and no penalties or other monetary obligations due hereunder are outstanding or owed to the United States or the State; and

(c)   At least 120 Days prior to filing the motion, Fort Wayne has certified to EPA and IDEM that it has complied with the requirements of Paragraphs 119(a) and (b) and has provided sufficient documentation to EPA and IDEM to support its certification.

120.   The United States or the State may dispute whether Fort Wayne has complied with the requirements of Paragraph 119, in which case this Consent Decree shall remain in effect pending

51

resolution of the dispute pursuant to Section XXII and termination of the Decree pursuant to this Section.

## XXIV. PUBLIC COMMENT

121. This Consent Decree shall be lodged with the Court for a period of not less than 30 Days, for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments received disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Fort Wayne consents to entry of this Consent Decree without further notice and agrees not to withdraw from, oppose entry of, or challenge any provision of this Consent Decree, unless the United States has notified Fort Wayne in writing that it no longer supports entry of the Consent Decree.

## XXV. SIGNATORIES/SERVICE

122. The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, the Chief Deputy of the Office of the Indiana Attorney General, and the undersigned representative of Fort Wayne each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally the Party he or she represents to this document.

123. Fort Wayne shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of the City with respect to all matters arising under or relating to this Consent Decree. Fort Wayne hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. The Parties agree that Fort Wayne need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

52

## XXVI.  INTEGRATION/APPENDICES

124.  This Consent Decree and its Appendices 1-7 constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree.  The Consent Decree and its Appendices supersede all prior agreements and understandings, whether oral or written, and all prior administrative orders, concerning the settlement embodied herein.  Other than any submittals subsequently approved pursuant to this Consent Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.  The Appendices are not stipulations, and the United States and the State reserve their rights to disagree or contest particular statements contained therein. In the event of conflict between this Consent Decree and any Appendix, this Consent Decree shall control.

## XXVII.  FINAL JUDGMENT

125.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment of the Court as to the United States, the State, and Fort Wayne. The Court finds there is no just reason for delay and therefore enters this Consent Decree as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 1ST day of April , 200 8 .

_____
United States District Judge

53

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States and State of Indiana v. City of Fort Wayne.*

FOR THE UNITED STATES OF AMERICA:

Date: December 27, 2007

RONALD J. TENPAS
Assistant Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice

KEVIN LYSKOWSKI
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-5415

54

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States and State of Indiana v. City of Fort Wayne.*

FOR THE UNITED STATES OF AMERICA:

Date: *December 28, 2007*

DAVID CAPP
Acting United States Attorney
Northern District of Indiana

*Wayne T. Ault*

WAYNE T. AULT
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Telephone:  (219) 937-5500

55

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States and State of Indiana v. City of Fort Wayne.*

FOR THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY:

Date: 12|21|07

GRANTA Y. NAKAYAMA
Assistant Administrator of Enforcement and
    Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue
Washington, DC 20460

56

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States and State of Indiana v. City of Fort Wayne.*

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 12 | 20 | 07

MARY A. GADE
Regional Administrator
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL 60604

Date: 12/26/07

ROBERT A. KAPLAN
Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL 60604

57

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States and State of Indiana v. City of Fort Wayne.*

FOR THE STATE OF INDIANA:

Date: _DECEMBER 20, 2007_

THOMAS W. EASTERLY
Commissioner
Indiana Department of Environmental Management
100 North Senate Avenue
IGCN 1301
Indianapolis, IN 46204

STEVE CARTER
Attorney General of Indiana

Date: _12-20-2007_

GREGORY F. ZOELLER
Chief Deputy
Office of the Attorney General
Indiana Government Center South
302 West Washington Street
Indianapolis, IN 46204

58

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States and State of Indiana v. City of Fort Wayne.*

FOR THE CITY OF FORT WAYNE:

Date: 12 - 20 - 07

THE HONORABLE GRAHAM RICHARD
Mayor, City of Fort Wayne
Office of the Mayor
City County Building
1 East Main Street, 9th Floor
Fort Wayne, IN 46802

Agent authorized to accept service on behalf of the City of Fort Wayne:

Carol Taylor, Esq.
City Attorney
City County Building
City of Fort Wayne Law Department
1 East Main Street, 9th Floor
Fort Wayne, IN 46802
(260) 427-1124

59